Cecilia **SHERBURNE**

v.

**MEDICAL MALPRACTICE PRELITIGA-TION SCREENING PANEL et al.**

Supreme Judicial Court of Maine.

Argued Jan. 2, 1996.

Decided March 8, 1996.

Stephen P. Sunenblick (orally), Howard T. Reben, Sunenblick, Reben, Benjamin & March, Portland, for Plaintiff.

Peter J. Brann (orally), Assistant Attorney General, Augusta, Jeffrey Rosenblatt (orally), Berman & Simmons, Lewiston, Daniel Rapaport, Robert O. Newton (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Cecilia Sherburne appeals from the judgment of the Superior Court (Kennebec County, *Alexander, J.*) dismissing her plenary action challenging the action of a Medical Malpractice Prelitigation Screening Panel. Because we conclude that a screening panel convened pursuant to section 2852 of the Maine Health Security Act, 24 M.R.S.A. §§ 2501—2985 (1990 & Pamph.1995), is neither an administrative agency nor an inferior tribunal, we affirm the judgment. We do not decide any substantive evidentiary issue but rule only on the procedural propriety of Sherburne's plenary effort to challenge the screening panel's actions.

In 1993 Sherburne filed a medical malpractice claim pursuant to section 2853 in the Superior Court (Penobscot County, Docket No. CV–93–415) against three doctors. After a screening panel was convened and discovery completed, the parties presented evidence to the panel. In January 1995 the panel filed its nonbinding determination in the Superior Court. With one exception, the panel determined that the doctors did not commit medical malpractice. The panel found that one doctor had deviated from the applicable standard of care, but that deviation was not a cause of Sherburne's injury. In February 1995 Sherburne filed a seven-count malpractice complaint against the three doctors in CV–93–415. Shortly thereafter Sherburne filed this separate plenary action (CV–95–198) seeking to challenge the screening panel's actions. She alleges a variety of errors committed during the panel's proceedings. After a transfer of venue to Kennebec County and a hearing, the court dismissed Sherburne's complaint. This appeal followed.

■ Contrary to Sherburne's concerns, we do not understand that the Legislature in enacting the Maine Health Security Act intended to deprive a trial court of its inherent power to protect the integrity of the judicial process by controlling the presentation of evidence at the trial. The provision of section 2857 that unanimous findings of the screening panel "without explanation, shall be admissible" at a subsequent malpractice trial does not preclude appropriate judicial consideration whether, for example, the findings comply with the terms of the Health Security Act or of the administrative order of the Chief Justice of the Superior Court. Sherburne's challenge of the screening panel's findings, however, must be presented to the Superior Court in her medical malpractice action, CV–93–415.

Sherburne's separate plenary action was properly dismissed because there exists no process for such proceedings. Although the M.R.Civ.P. 80B label on her complaint is not controlling, *Lund ex rel. Wilbur v. Pratt,* 308 A.2d 554, 557 (Me.1973), and although she has argued in the Superior Court and on appeal for the application of either Rule 80B or 80C, neither rule governs the procedure in this case. Rule 80C provides for judicial review pursuant to the Maine Administrative Procedure Act, 5 M.R.S.A. §§ 8001–11008 (1989 & Pamph.1995). Section 11001 of the Act provides for judicial review of "final agency action." The screening panel, however, is not an "agency" within the meaning of the APA because the Act specifically excludes "courts." 5 M.R.S.A. § 8002(2) (Pamph.1995). That the panel is an agency of the courts is apparent from the statutory scheme. Section 2852 of the Maine Health Security Act provides that the Chief Justice of the Superior Court shall select the panel chair. That provision would be patently unconstitutional if the panel were an "administrative agency." *See* Me. Const. art. III, § 2.

■ Sherburne argues in the alternative for a plenary application of the common law extraordinary writs of prohibition and certio-

rari that are incorporated in M.R.Civ.P. 80B pursuant to M.R.Civ.P. 81(c). The extraordinary writs on which she relies, however, are applicable only to an inferior court or a quasi-judicial tribunal. *See Norton v. Emery,* 108 Me. 472, 476, 81 A. 671, 672 (1911). Although the screening panel is an agency of the courts, it cannot be considered an inferior court or quasi-judicial tribunal for at least two reasons. First, the panel has no power to adjudicate the rights of any of the parties before it and does not purport to do so. Second, the Legislature could not constitutionally require the Superior Court Chief Justice to select the presiding officer of an inferior court. *See Curtis v. Cornish,* 109 Me. 384, 391, 84 A. 799, 802 (1912).

We do not address or intimate any opinion on any of Sherburne's substantive claims. We affirm the dismissal of this plenary action because there is no basis for such a proceeding.

The entry is:

Judgment affirmed.

All concurring.