STATE OF MAINE
Oxford, ss.



RECEIVED AND FILED

APR 2 3 2001

Donna L. Howe
CLERK OF COURTS

SUPERIOR COURT
Civil Action
Docket No. CV-99-053

WAYNE A. FIELD and MARY FIELD,

    Plaintiffs

v.

                                    DECISION AND ORDER

DANIEL MINGLE, M.D.,

    Defendant

## I. BACKGROUND

This case was initiated as a claim for professional malpractice pursuant the Maine Health Security Act.[1] After a notice of claim was filed [2] a panel chair was appointed [3] and the mandatory prelitigation screening process commenced. After a period of discovery and preliminary maneuvering, June 28, 1999 was set as the date for the panel to hear evidence. At the conclusion of the hearing the panel decided unanimously that the defendant was not negligent and that the injury complained of was not the proximate cause of the defendant's conduct. [4] The plaintiffs have filed a "Motion to Exclude [as evidence] Panel Findings or, in the Alternative, to Remand and to Stay Proceedings." [5]

---

[1] 24 M.R.S.A., ch. 21

[2] 24 M.R.S.A. § 2853(1)

[3] 24 M.R.S.A. § 2852(2)

[4] Exhibit K to defendant's memorandum.

[5] There is no "official record" of proceedings during the prelitigation process. References herein are based upon the submissions of counsel in support of or in opposition to the pending motion.

On June 16, 1999 the panel chair received a letter dated June 14th from plaintiffs' counsel asking that the hearing be continued because plaintiffs' sole expert witness (Irwin Goldstein, M.D.) "unexpectedly left for Alaska because of an urgent family matter and will not be returning until some time on June 28." [6] Because of this trip it would not be possible for counsel to consult with the doctor before the hearing or to have him available to testify on the scheduled date.

Counsel followed up this request with the panel chair several times. [7] Alternatives to a continuance were not feasible (testimony by telephone, suggested by the panel chair) or not acceptable to the panel chair (proceed with the hearing and take Dr. Goldstein's testimony at a later time, or to allow plaintiffs to call defendant's expert to testify, suggested by plaintiffs' attorney). Plaintiffs' counsel recognized the necessity for expert testimony to establish their case for negligence and that without it he would be unable to present a viable case. [8] The plaintiffs assert that the failure to grant a continuance unfairly gutted their case and resulted in an unfavorable unanimous panel decision which the defendants intend to introduce at trial of this matter. [9] This brings us to the present motion.

---

[6] Plaintiffs' motion and memorandum, ex. B-1.

[7] Additional letters were sent on June 18, 1999 (pl. ex. # B-2), June 21, 1999 (pl. ex. # B-3, faxed and mailed), June 22, 1999 (pl. ex. # C-1), June 24, 1999 (pl. ex. # C-2).

[8] Letter of June 22, 1999 to Panel Chair and panel members (Exhibit C-1)

[9] 24 M.R.S.A. §2858. Effect of findings by panel.
1. * * *
2. . . . If the unanimous findings of the panel . . . are in the negative, the claimant must release

2

After the hearing on June 28th, the panel chair filed a written Order citing the history of the case and various reasons for having denied the continuance beyond the initial grounds that other panel members, especially the physician member, had cleared their schedules.[10] In the written decision, the panel chair recited the procedural history of the case, including plaintiffs' failure to meet certain discovery deadlines on earlier occasions. This court, however, believes that the issue here is whether the panel chair, in the absence and unavailability of the plaintiffs' essential material witness, committed an abuse of discretion by denying the request for a continuance; not whether the plaintiff had fully or timely complied with earlier discovery requests or orders. The panel chair had the authority and opportunity to

---

the claim or claims based on the findings without payment or be subject to the admissibility of those findings under section 2857 . . . .

**24 M.R.S.A. §2857.**
**(1)** * * *
* * *

(C) If the panel findings as to any question . . . are unanimous and unfavorable to the claimant, the findings are admissible in any subsequent court action for professional negligence against the person accused of professional negligence by the claimant based on the same set of facts upon which the notice of claim was filed.

(N.B.: In reviewing the statutes, section 2858(2) refers back to section 2857(1)(B). Section 2857(1)(B) actually refers to admissibility of the panel findings when the unanimous findings are in favor of the claimant and against the professional. This appears to be a clerical error in the statute and the correct reference should be to section 2857(1)(C). Any other interpretation would defeat the purpose of the statute.)

[10] Order on Renewed Motion for Continuance, July, 8, 1999. Exhibit J, defendant's memorandum.

deal with evidentiary, discovery other pre-hearing issues and did so, or could have done so, in prior scheduling orders. [11]

## II. DISCUSSION

The statutes regulating the prelitigation process provide substantial discretion to the panel chair in setting schedules for pre-hearing discovery,[12] ruling on motions, granting extensions, combining hearings, imposing sanctions [13] and presentation of evidence.[14]

The defendant argues that the decision of the panel chair not to continue the hearing is not reviewable by the Superior Court. *Gafner v. Down East Community*

---

[11] E.g.: letter of October 5, 1998 (def. ex. F), letter of October 20, 1998 (pl. ex. 3 to responsive memorandum), letter of December 3, 1998 (def. ex. B), letter of December 16, 1998 (def. ex. D), and January 2, 1999 (def. ex. F).

[12] **24 M.R.S.A. § 2857 (3): Discovery.**
The Maine Rules of Civil Procedure govern discovery conducted under this subchapter. The chair has the same authority to rule upon discovery matters as a Superior Court Justice.

[13] **24 M.R.S.A. § 2853: Submission of claims.**
\* \* \*
**5. Lawsuits.** . . . The panel chair may require the parties to litigate [certain] dispositive legal affirmative defenses in the Superior Court . . . .
**6. Combining hearings.** . . . The chairman may, for good cause order separate hearings [on claims against multiple healthcare providers].
**7. Extensions of time.** . . . The chair may extend any time period under this subchapter for good cause . . . .
**8. Dismissal.**
    B. [The panel chair may order an involuntary dismissal or to impose sanctions for
    failure to prosecute or to comply with the rules or any order of the chair.]
**9. Default.**
    A. [The panel chair may order a default or impose other sanctions for failure to comply
    with the rules or any order of the chair.]

[14] **24 M.R.S.A. § 2854:**
**1. Procedure.** . . . The chair shall make all procedural rulings and those rulings are final.

4

*Hospital*, 1999 ME 130, ¶ 10-12, 735 A.2d 969, 972-973 (Panel chair should rule on ordinary motions and those decisions, such as on discovery issues, are not reviewable.). While that is generally true, "the Maine Health Security Act [does not] deprive a trial court of its inherent power to protect the integrity of the judicial process," *Sherburne v. Medical Malpractice Prelitigation Screening Panel*, 672 A.2d 596, 597 (Me. 1996) , by assuring that fundamental fairness is employed in the processing of claims, scheduling of hearings and presentation of evidence.[15]

M.R.Civ.P. 40(c),[16] places the burden on the plaintiffs to convince the judge (in this case panel chair) of the validity, necessity and fairness of granting a continuance. Clearly, the granting of a continuance under these circumstances would have been within the proper exercise of discretion resulting in some inconvenience and a delayed decision, but would not be an abuse if we were faced with the opposite situation. However, where the alleged unfairness and denial of the continuance, in the absence and unavailability of the plaintiffs' essential material witness, has stripped the plaintiffs of the most important evidence essential to the elements of their claim, the question is whether the denial of the

---

[15] 24 M.R.S.A. § 2854(1):
Procedure. . . . Wide latitude must be afforded the parties by the panel in the conduct of the hearing . . . .

[16] M.R.Civ.P. 40. . . . Continuances.
\* \* \*
(c) Unavailable Witness or Evidence. The court need not entertain any motion for a continuance based on the absence of a material witness unless supported by an affidavit which shall state the name of the witness . . . a statement of that witness' expected testimony and the basis of such expectation, and the efforts which have been made to procure the witnesses' attendance or deposition."

continuance and resulting deprivation of evidence, which was made known to the panel chair, amounts to an abuse of the panel chair's authority and discretion?

Plaintiffs' counsel wrote multiple letters and contacted the panel chair several times, beginning at least twelve days before the scheduled hearing. seeking relief. There is nothing to suggest that the plaintiffs or their counsel played a role in making the doctor unavailable, consented to his absence or were not surprised that he would not be available to testify on June 28th. The court likens this to a situation where a trial judge is faced with a Motion to Continue a scheduled trial for the same reason. From the documents submitted by the parties it appears that the panel chair sought input from counsel as early as May 4, 1999 [17] as to possible dates for the hearing. Plaintiffs' counsel responded that "[m]y clients and I would be available for a [p]anel [h]earing anytime during June or July except for [certain dates, not including June 28th]."[18] He further requested to be informed of the hearing date as soon as possible so he could provide advance notice to Dr. Goldstein. By notice dated May 21, 1999, the panel chair informed the parties that the hearing date was set for June 28th. This is one of the dates on which plaintiffs indicated that they were available.

---

[17] Letter from panel chair to counsel dated May 4, 1999 (def. ex. G).

[18] Letters from plaintiffs' counsel to the panel chair dated May 12 and May 20, 1999. (def. ex. G). The panel chair's subsequent Order recited the date of the letter only as May 20, 1999. In any event, the plaintiff did not seek protection for June 28th.

6

There is no question that plaintiffs' case was prejudiced by the inability to present the testimony of Dr. Goldstein, but the fact that a party's claim is impaired does not, by itself, result in an abuse of discretion.

## III. CONCLUSION

A party seeking a continuance has the burden of showing sufficient grounds for granting the motion, and the ruling is reviewable only for the abuse of discretion. *See Champagne v. Mid-Maine Medical Center*, 1998 ME 87, ¶ 19, 711 A.2d 842, 848 ("There is nothing in the record to suggest that the court 'was given any substantial reason whereby justice would be advanced by the grant of the continuance.'"). In addition, the moving party must also demonstrate that the denial of the continuance had a prejudicial effect on the substantial rights of the moving party. *Farrell v. Therriault*, 464 A.2d 188, 192 (Me. 1983) (There must be a showing that "the denial of the motion for continuance had [an] adverse prejudicial effect on the substantial rights of the [moving party]."); and, *Blue Rock Industries v. Raymond International, Inc.*, 325 A.2d 66, 79 (Me. 1974). In this case, the plaintiffs have lost the benefit of their most important witness and the testimony necessary to establish the base elements of their claim.

The granting of continuances is clearly a discretionary function. The chief test as to what constitutes the proper exercise of discretion is whether it is in furtherance of justice and the right of exception arises only where the is a clear abuse of discretion. *State v. Hume*, 146 Me. 129, 78 A.2d 496 (1951). "There must be 'palpable error' or 'apparent injustice' to make a discretionary ruling reviewable." *Id.* 146 Me.

7

at 134, 313 A.2d at 500. *See also State v. Ifill*, 313 A.2d 120 (Me. 1973) (An abuse of discretion will be found only if palpable error or apparent injustice is established by the party charging the abuse.) and *State v. Rastrom*, 261 A.2d 245, 247 (Me. 1970).

The only reason advanced for the continuance was the unavailability of the expert witness. There is no indication that the panel chair sought to balance the interests of the parties by determining if a different hearing date could be found within a reasonable time during June or July, as originally suggested by the panel chair, [19] or if there was some other compelling reason for the hearing to proceed as scheduled.

On review, great deference is to be accorded to the panel chair to exercise discretion and authority in scheduling and conducting proceedings in a logical and orderly fashion, but the rights of the parties must be preserved. In this matter, however, the court finds that the denial of the continuance has resulted in "apparent injustice" and the plaintiffs must be given a reasonable opportunity to present their evidence.

### III. DECISION AND ORDER

The clerk will make the following entry on the docket as the Decision and Order of this court:

A. Plaintiffs' Motion to Exclude Panel Findings or, in the Alternative, to Remand and Stay Proceedings is granted.

---

[19] Letter from panel chair to counsel dated May 4, 1999 (def. ex. G).

B. Without prejudice to any objection to this ruling, the defendant shall have the option to accept the exclusion of the panel decision as evidence at trial or to consent to a remand for a hearing before a new panel.

C. The defendant shall notify the clerk within 14 days as to his decision under paragraph B:

1. If the defendant elects to proceed without entering the panel decision as evidence at trial, this case shall proceed pursuant to M.R.Civ.P. 16(b), subject to existing Orders, and shall be listed for trial on the next available trial calendar.

2. If the defendant elects to submit the claim to another hearing before a new panel, this court will request a new panel chair be appointed by the Chief Justice of the Superior Court pursuant to 24 M.R.S.A. § 2852 and a new hearing be scheduled as soon as possible.

3. In the defendant elects to proceed with a new panel hearing, this case shall maintain the position it would have had on the next available trial list and shall not loose priority because of a remand for a new panel hearing.

D. At a new panel hearing the plaintiff is limited to those witnesses and exhibits presented at the previous panel hearing plus Dr. Goldstein.

E. Because the defendant was required to only respond to the evidence presented at the earlier panel hearing, no such limitation is imposed on the defendant; however, he may not present evidence or witnesses that have not been identified as part of discovery in this case.

F. All pretrial discovery in this case shall be completed by July 1, 2001 as previously ordered.

SO ORDERED.

Dated: April 23 2001

Thomas E. Delahanty II
Justice, Superior Court

9