2009 ME 4

**Jean HILL, Individually and as Personal Representative of the Estate of Kenneth Hill**

v.

**Eddie S. KWAN et al.**

Supreme Judicial Court of Maine.

Argued: Nov. 18, 2008.

Decided: Jan. 13, 2009.

Robert J. Stolt, Esq. (orally), James A. Billings, Esq., Maura R. Gerrin, Esq., Lipman, Katz & McKee, P.A., Augusta, ME, for Jean Hill.

Charles Harvey, Esq. (orally), Robert S. Frank, Esq., Harvey & Frank, Portland,

ME, for Eddie S. Kwan, M.D. and Spectrum Medical Group, P.A.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

ALEXANDER, J.

[¶ 1] Jean Hill, individually and as personal representative of the Estate of Kenneth Hill, appeals from a judgment of the Superior Court (York County, *Brennan, J.*) dismissing her complaint against Eddie S. Kwan, M.D. and Spectrum Medical Group, P.A. for lack of subject matter jurisdiction pursuant to M.R. Civ. P. 12(b)(1) and the Maine Health Security Act, 24 M.R.S. §§ 2501–2987 (2008). Hill argues that (1) the court erred in ruling that her amended complaint did not cure any jurisdictional defects present in her initial complaint, and (2) the Maine Health Security Act is unconstitutional to the extent that it bars her claims. Because we conclude that the Superior Court does have subject matter jurisdiction, we vacate the dismissal of the complaint and remand the case for further proceedings. We do not reach the constitutional issues.

## I. BACKGROUND

[¶ 2] In February 2001, Kenneth Hill died after an interventional neuroradiological procedure performed by Dr. Eddie S. Kwan of Spectrum Medical Group. In January 2004, Jean Hill, Kenneth's surviving spouse and personal representative of his Estate, filed a notice of claim of medical malpractice pursuant to the requirements of the Maine Health Security Act. 24 M.R.S. § 2853. The Act mandates that, after a notice of claim is filed, a prelitigation screening panel must hear cases of alleged medical malpractice before a complaint is filed in court. 24 M.R.S. § 2903(1).

[¶ 3] After the notice of claim was filed, the Chief Justice of the Superior Court appointed a panel chair. The panel chair issued a scheduling order, and the parties proceeded to discovery. The parties spent two years conducting discovery, which was finally complete in April 2006. They then notified the panel chair that they were ready for a hearing before a prelitigation screening panel.

[¶ 4] The panel chair experienced difficulty finding a radiologist without a conflict of interest and an available attorney to serve on the panel. By June 2007, fourteen months after the completion of discovery and more than three years after the filing of the notice of claim, there still had not been a panel hearing. At that point, Hill filed a complaint in the Superior Court, before participating in the mandatory prelitigation screening panel hearing, in violation of 24 M.R.S. § 2903(1)(B). The complaint asserted that Hill had been denied due process and had suffered other constitutional violations because of the delay between the close of discovery and the prelitigation hearing. She also alleged negligence, loss of consortium, and negligent and intentional infliction of emotional distress, and sought punitive damages. Because the Superior Court could not hear Hill's claim for medical malpractice until the prelitigation screening panel process was complete, Kwan and Spectrum filed a motion to dismiss for lack of subject matter jurisdiction pursuant to M.R. Civ. P. 12(b)(1).

[¶ 5] Before the court held a hearing on the motion to dismiss, the prelitigation screening panel convened and issued a report in October 2007. The panel concluded that Kwan and Spectrum were not negligent. Hill then filed an amended complaint in the Superior Court in November 2007 to reflect that a prelitigation panel hearing had been held. Kwan and Spectrum addressed Hill's amended pleading, arguing that if the court lacked juris-

diction at the time the original complaint was filed, an amendment could not cure the jurisdictional defect.

[¶ 6] After the motion hearing, the Superior Court concluded that it lacked subject matter jurisdiction over the action because at the time Hill filed her complaint in June 2007, she had not completed the panel process as required pursuant to section 2903(1). The court granted the motion to dismiss without prejudice. Hill filed a motion to reconsider to determine whether the dismissal applied to both the original and amended complaints, and the court clarified that it did. Hill filed this appeal.

## II. DISCUSSION

[¶ 7] The Maine Health Security Act requires plaintiffs to present their claims to a prelitigation screening panel before pursuing them in the Superior Court. 24 M.R.S. §§ 2851–2859, 2903(1)(B). Section 2903(1) states: "No action for professional negligence may be commenced until the plaintiff has: ... (B) Complied with the provisions of subchapter IV–A." Subchapter 1V–A specifies the procedure for submitting a claim, creating a panel, and holding a hearing. 24 M.R.S. §§ 2851–2859. The purpose of this mandatory process is to identify and encourage settlement of meritorious professional negligence claims, discourage litigation of meritless claims, and schedule for trial only those claims in which a legitimate dispute over liability exists. 24 M.R.S. § 2851; *Gafner v. Down E. Cmty. Hosp.*, 1999 ME 130, ¶ 27, 735 A.2d 969, 975.

[¶ 8] The only time a prelitigation screening panel is not mandatory is when all parties agree to bypass the panel process and proceed directly to court. 24 M.R.S. § 2853(5); *Powers v. Planned Parenthood of N. New England*, 677 A.2d 534, 537–38 (Me.1996). No such agreement existed in this case, and therefore Hill was barred from filing her medical malpractice complaint in court until the screening panel rendered a decision. The proper step for the court when a complaint is filed in violation of section 2903(1) is to dismiss the action. M.R. Civ. P. 12(b)(1), (h)(3); *Gutierrez v. Gutierrez*, 2007 ME 59, ¶¶ 17–18, 921 A.2d 153, 157–58.

[¶ 9] Whether subject matter jurisdiction exists is a question of law that we review de novo. *R.C. Moore, Inc. v. Les–Care Kitchens, Inc.*, 2007 ME 138, ¶ 18, 931 A.2d 1081, 1085. Although the court lacked authority to consider Hill's complaint at the time it was filed in June 2007, that premature filing did not prevent the court from reaching the merits of the amended complaint filed in November 2007, after the panel process was complete. Subject matter jurisdiction exists over Hill's November 2007 complaint because (1) the rule that a final determination of subject matter jurisdiction is made at the time the initial complaint is filed, which is strictly applied in diversity cases in federal courts, is inapplicable here, and (2) Hill's November 2007 complaint is a supplemental pleading that cured the defect existing at the time her original complaint was filed.

### A. Time of Filing Rule

[¶ 10] Kwan and Spectrum argue that because subject matter jurisdiction was lacking at the time Hill filed her June 2007 complaint, the court had no authority to act on that complaint or a later amendment to that complaint. To support this argument, they rely on federal cases holding that challenges to subject matter jurisdiction premised on diversity jurisdiction depend on the facts as they existed at the time of filing, and that a plaintiff cannot cure a lack of subject matter jurisdiction that existed when the claim was filed. *See, e.g., Grupo Dataflux v. Atlas Global*

*Group, L.P.,* 541 U.S. 567, 570–71, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).

■ [¶ 11] Federal courts rely on the time-of-filing rule to curtail forum shopping and other strategic behavior by the parties. *Connectu LLC v. Zuckerberg,* 522 F.3d 82, 92 (1st Cir.2008); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.,* 101 F.3d 1492, 1503 (3d Cir.1996). The time-of-filing rule is an easy-to-apply mechanism to ensure "maximum stability and certainty to the viability of the action and [to] minimize[ ] repeated challenges to the court's subject matter jurisdiction." 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3608 at 452 (2d ed. 1984). However, outside the diversity jurisdiction context, "courts have been careful not to import the time-of-filing rule indiscriminately," but rather apply it only in settings where the risk of forum shopping or manipulation of the court system is high. *Connectu,* 522 F.3d at 92.

■ [¶ 12] Concerns over forum shopping do not exist for medical malpractice claims filed prematurely in Superior Court. The prelitigation panel created by the Maine Health Security Act is an agency of the court, not a distinct court system. *Sherburne v. Med. Malpractice Prelitigation Screening Panel,* 672 A.2d 596, 597 (Me.1996). The screening panel has no independent judicial authority—it cannot enter a final judgment, and its decisions have no precedential value. As previously stated, the purpose of the panel is to screen medical malpractice claims, leaving for trial only those claims in which a meaningful dispute over liability exists. *Gafner,* 1999 ME 130, ¶ 27, 735 A.2d at 975.

[¶ 13] Because the Superior Court cannot hear a claim until the panel process is complete, unless all parties agree to bypass the panel hearing, there is little risk of strategic behavior or manipulation by the parties. Therefore, no policy reason exists to determine subject matter jurisdiction based on the facts as they existed in June 2007 when Hill filed her original complaint, and we decline to apply the time-of-filing rule in these circumstances.

B. Supplemental Pleading

■ [¶ 14] After the prelitigation screening panel made its findings, Hill was allowed to amend her complaint. Her amended complaint included the same factual allegations as were contained within the initial complaint, with the exception that the amended complaint added the allegation that on October 30, 2007, a prelitigation screening panel was convened pursuant to the Act, and after hearing, a decree was issued. Therefore, this complaint contained the necessary factual allegations to give the Superior Court the authority to act.

[¶ 15] Hill's complaint was called an amended complaint, but it was used to set forth events that occurred after the original pleading was filed. Generally, an amended complaint refers to matters that occurred before filing of the original pleading, but which were overlooked at the time. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.7 at 307 (2d ed. 1970). The proper procedural vehicle to allege facts not in existence at the time the original complaint was filed is a supplemental complaint pursuant to M.R. Civ. P. 15(d). The rule states in pertinent part:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is de-

fective in its statement of a claim for relief or defense. M.R. Civ. P. 15(d).

[¶ 16] Supplemental pleadings can be used to cure statutory or subject matter jurisdiction deficiencies. *Mathews v. Diaz*, 426 U.S. 67, 75, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976) (explaining that the failure to satisfy a nonwaivable condition of jurisdiction could be corrected through filing a supplemental complaint); *Hertz Corp. v. Enter. Rent–A–Car Co.*, 557 F.Supp.2d 185, 192 (D.Mass.2008) (recognizing that a jurisdictional allegation must be cured by a supplemental pleading rather than by an amendment). Therefore, when a court lacks authority to act at the time the original complaint is filed, the plaintiff may cure such a defect by filing a supplemental pleading alleging a fact, necessary to create jurisdiction, that was not in existence at the time the original complaint was filed. *Mathews*, 426 U.S. at 75, 96 S.Ct. 1883; *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir.2008).

[¶ 17] Although Hill's November 2007 complaint was called an amended complaint, the complaint's title is not dispositive. *Sherburne*, 672 A.2d at 597 (stating that how a complaint is labeled is not controlling). Because our rules are to be liberally construed to achieve the "just, speedy and inexpensive determination of every action," M.R. Civ. P. 1, courts may disregard technicalities in terminology and construe a pleading based on its content. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.7 at 307 (2d ed. 1970). Minor errors in pleading will not prevent a party from presenting a claim on its merits unless the pleadings have misled the opposing party to his or her prejudice. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.1 at 301 (2d ed. 1970); *Rancourt v. City of Bangor*, 400 A.2d 354, 357 (Me.1979).

[¶ 18] Hill's supplemental complaint filed in November 2007 met the requirements of the Maine Health Security Act by alleging that the panel hearing had occurred. Because a supplemental complaint may be used to correct a defect that existed in the original pleading, the Superior Court has subject matter jurisdiction over this complaint.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings.