2009 ME 113

**Linda M. PENKUL**

v.

**Michael R. MATARAZZO et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 14, 2009.

Decided: Dec. 1, 2009.

Linda Penkul, Lebanon, ME, pro se.

Michael Matarazzo did not file a brief.

Janet T. Mills, Attorney General, Andrea C. Najarian, Asst. Atty. Gen., Debby Willis, Asst. Atty. Gen., Office of the Attorney General, Augusta, ME, Attorneys for the Maine Department of Health and Human Services.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1]   Linda M. Penkul appeals from the dismissal of several motions seeking enforcement and modification of a child support order entered by the District Court (Springvale, *O'Neil, J.*) pursuant to a previous judgment determining that the court lacked personal jurisdiction over Penkul's ex-spouse, Michael R. Matarazzo. Penkul contends that the court does have personal jurisdiction over Matarazzo, and that the judgment dismissing her motions violates procedural due process and leaves her without a forum to recover support from her ex-spouse. We conclude there was no constitutional violation and affirm the court's dismissal.

[¶ 2]   Penkul and Matarazzo were divorced in 1994 pursuant to a judgment of the Essex County Probate and Family Court Department of the Trial Court of the Commonwealth of Massachusetts. Penkul and Matarazzo have one minor child together, a daughter, now age seventeen. The divorce decree ordered joint legal custody and sole physical custody of the child to Penkul, and further ordered Matarazzo to pay $100 per week in child support. In 2005, Penkul and the parties' daughter moved to Maine to live with Penkul's mother. In 2006, the Massachusetts court modified Matarazzo's monthly child support obligation from $850 to $481 in a temporary order.[1] Since the issuance of the temporary order until the present day, Penkul and her daughter have been Maine residents and Matarazzo has resided in California.

[¶ 3]   On February 7, 2007, Penkul filed in the District Court an affidavit and request for registration of a foreign order attaching the 1994 divorce decree pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA), 14 M.R.S. §§ 8001–8008 (2008), the Uniform Child Custody Jurisdiction and Enforcement Act, 19–A M.R.S. §§ 1731–1783 (2008), and the Uniform Interstate Family Support Act (UIFSA), 19–A M.R.S. §§ 2801–3401 (2008). Matarazzo objected that the 1994 decree had been superseded by the 2006 child support modification. On July 10, 2007, the Department of Health and Hu-

---

1. The trial court record does not indicate when the obligations increased to $850 per month. The temporary order also purported to relieve the Massachusetts courts of jurisdiction in favor of Maine courts, based on the Massachusetts court's determination that the parties no longer resided in Massachusetts, and that Maine courts provided a more convenient forum for Penkul and her daughter.

man Services (the Department) also objected to registration of the child support order because Maine lacked both subject matter jurisdiction to modify the judgment and personal jurisdiction over Matarazzo.

[¶ 4]   After a hearing, the court entered a judgment in favor of Matarazzo and the Department on April 8, 2008.  The court accepted the February 21, 2006, Massachusetts order for registration under UEFJA, but denied the registration of the order under UIFSA because Matarazzo did not have the requisite "minimum contacts with the State of Maine" and therefore there was no basis to exercise personal jurisdiction over him.  Penkul did not appeal this ruling.

[¶ 5]   On April 6, 2009, Penkul filed, again in the Maine District Court, motions for contempt and for modification concerning the Massachusetts order.  The trial court dismissed the motions *sua sponte* on April 7, 2009, pursuant to the April 8, 2008, judgment.  The court clarified its dismissal on April 13, 2009, stating that the "court has previously ruled in agreement with [the Department], that [the] court has no personal jurisdiction over Mr. Matarazzo." Penkul filed a timely appeal pursuant to 14 M.R.S. § 1901 (2008) and M.R.App. P. 2. Because the matter was dismissed one day after filing, Matarazzo did not make an appearance in the present case.  The Attorney General filed a brief on behalf of the Department.

[¶ 6]   Penkul first argues that pursuant to 19–A M.R.S. § 2961(1)(E),[2] there is in fact personal jurisdiction over Matarazzo because the minor resides within Maine due to the acts and directives of Matarazzo.  She contends that it was Matarazzo's cessation of child support payments in 2005 that forced her to move to Maine to reside with her mother.  The Department contends that Matarazzo still does not have the requisite minimum contacts with Maine to justify the exercise of personal jurisdiction, and asserts that res judicata, specifically claim preclusion, prevents Penkul from seeking enforcement of the child support order pursuant to the court's 2008 judgment.  We address the res judicata issue first.

[¶ 7]   "We review decisions regarding the effect of a prior judgment on present action, which is a question of law, de novo." *State v. Thompson,* 2008 ME 166, ¶ 8, 958 A.2d 887, 890.  Res judicata has "developed two separate components, issue preclusion and claim preclusion." *Macomber v. MacQuinn–Tweedie,* 2003 ME 121, ¶ 22, 834 A.2d 131, 138 (quotation marks omitted).  "Claim preclusion prevents religitation if: (1) the same parties or their privies are involved in both actions;  (2) a valid final judgment was entered in the prior action;  and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Portland Water Dist. v. Town of Standish,* 2008 ME 23, ¶ 8, 940 A.2d 1097, 1099 (quotation marks omitted).  "Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Macomber,* 2003 ME 121, ¶ 22, 834 A.2d at 138–39 (quotations marks omitted);  *see*

---

2.  Title 19–A M.R.S. § 2961(1)(E) (2008) provides:

In a proceeding to establish or enforce a support order or to determine parentage of a child, a tribunal of this State may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if . . . [t]he child resides in this State as a result of the acts or directives of the individual.

*also Efstathiou v. Efstathiou,* 2009 ME 107, ¶ 7, 982 A.2d 339, 342.

▮▮▮ [¶ 8] Although the Department analyzes the case under principles of claim preclusion, claim preclusion is inapplicable to the 2008 judgment because the court did not adjudicate the case on its merits. For a valid final judgment to have preclusive effect, it must be made on the merits of the case. In *Dutil v. Burns,* we compared the failure to comply with a statutory procedure to insufficient service of process and concluded that such a procedural defect is not an adjudication on the merits. 1997 ME 1, ¶ 5, 687 A.2d 639, 641. The lack of personal jurisdiction is a similar procedural defect because it prevents a suit from moving forward but does not address the substantive legal merits of the suit. Claim preclusion therefore cannot bar Penkul's suit.

▮▮▮ [¶ 9] Issue preclusion, however, is applicable; whereas claim preclusion only prohibits relitigation when there has been a final judgment on the merits, issue preclusion prohibits relitigation of discrete issues that were litigated in a previous proceeding. *See Portland Water Dist.,* 2008 ME 23, ¶ 9, 940 A.2d at 1100 (distinguishing claim preclusion and issue preclusion). The parties had a full opportunity to litigate the issue of personal jurisdiction in 2008—indeed it was the basis of the court's judgment—and Penkul is therefore estopped from relitigating the issue unless she can cure the jurisdictional defect. *See*

*Hill v. Kwan,* 2009 ME 4, ¶ 16, 962 A.2d 963, 968 (concluding that a plaintiff can cure a deficiency in subject matter jurisdiction by pleading a fact "that was not in existence at the time the original complaint was filed").

[¶ 10] To avoid the preclusive effect of the 2008 judgment, Penkul must therefore show that there are facts now that provide for personal jurisdiction over Matarazzo that did not exist at the time of the 2008 judgment. She has not met this burden.

▮▮▮ [¶ 11] Whether personal jurisdiction exists is a question of law that we review de novo. *R.C. Moore, Inc. v. Les–Care Kitchens, Inc.,* 2007 ME 138, ¶ 18, 931 A.2d 1081, 1085. Penkul's argument that it was Matarazzo's failure to pay child support, forcing her to relocate to Maine, that provides our courts with jurisdiction over him fails for two reasons.[3] First, it was not presented to the trial court and therefore is not properly before this Court on appeal. *See State v. Dominique,* 2008 ME 180, ¶ 25, 960 A.2d 1160, 1166; *Berg v. Bragdon,* 1997 ME 129, ¶ 9, 695 A.2d 1212, 1214. Second, the cessation of child support payments was a fact in existence at the time of the 2008 judgment; Penkul could not have successfully presented this argument to the trial court because of issue preclusion. *See Hill,* 2009 ME 4, ¶ 16, 962 A.2d at 968. Penkul presented no other facts or arguments indicating there has been a change in circumstance between the 2008 judgment and the pres-

3. If this argument had survived for our consideration, we would have reviewed it to determine whether it satisfied the constitutional requirements of personal jurisdiction. Personal jurisdiction has statutory and constitutional aspects that must be satisfied before a nonresident defendant with sufficient contacts to the forum state can be forced to defend a suit within that state. *Connelly v. Doucette,* 2006 ME 124, ¶ 6, 909 A.2d 221, 223; *cf. Kulko v. Superior Court of California,* 436 U.S. 84, 94, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (concluding that a nonresident father who merely permits his children to reside in California has not purposely availed himself of the forum to satisfy minimum contacts). In addition to the State's traditional long arm statute, 14 M.R.S. § 704–A (2008), Maine's adoption of UIFSA provides additional bases for establishing personal jurisdiction over nonresident defendants in support order cases, 19–A M.R.S. § 2961 (2008).

ent case that would now afford jurisdiction over Matarazzo. We therefore conclude that personal jurisdiction over Matarazzo is still lacking.

[¶ 12] Finally, Penkul contends that the dismissal violates her right of procedural due process because she was not given an opportunity to present her case at a hearing, she was not allowed to file exhibits to her motion, the judgment does not provide enough detail or the court's reasoning, and it is unclear whether the court addressed all the motions she filed. Penkul also contends that the dismissal violates her right to procedural due process generally because of the inherent difficulties in enforcing the child support order as a nonresident in a foreign jurisdiction.

[¶ 13] Despite the absence of any hearing in the present suit, Penkul's constitutional rights have not been violated. Motions to dismiss for lack of personal jurisdiction are often decided without a hearing. *Gutierrez v. Gutierrez*, 2007 ME 59, ¶ 9, 921 A.2d 153, 156. As personal jurisdiction was dispositive of all her claims, the court's action in ruling on Penkul's motions without a hearing was proper and appropriate.

[¶ 14] If she chooses to proceed to seek enforcement of the temporary order within the courts, Penkul is not without a forum. The Massachusetts Probate and Family Court still has continuing, exclusive jurisdiction over the matter because the parties have not consented to another forum. See Mass. Gen. Laws ch. 209D, § 2–205 (2003) (outlining the jurisdictional requirements of the Commonwealth as the issuing tribunal of a child support order); *Klingel v. Reill*, 446 Mass. 80, 841 N.E.2d 1256, 1260 (2006) (stating that "the issuing tribunal retains jurisdiction to enforce its existing order if no modification has taken place and no other jurisdiction has as-

sumed continuing, exclusive jurisdiction" (quotation marks omitted)). Alternatively, Penkul can pursue enforcement in California courts while Matarazzo continues to reside in that state. *See* Cal. Fam.Code §§ 4915–4921 (LEXIS 2009) (outlining the procedures for filing a child support order issued from another tribunal).

The entry is:

Judgment affirmed.