STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-10-100
                                                  F . - . .*/) - 2/- . .


CIANCHETTE FAMILY LLC,

               Plaintiff,
                                                  **ORDER ON DEFENDANTS'**
     v.                                           **MOTION FOR SUMMARY**
                                                  **JUDGMENT**
SHAMAYEL KARGAR and
MOHAMMAD KARGAR,

STATE OF MAINE
Cumberland, SS. Clerk's Office

FEB 2 3 2011

RECEIVED

               Defendants.


     This case is a companion to Cianchette Family LLC's earlier lawsuit

against the Kargars, docket number RE-07-045. Defendants Shamayel and

Mohammed Kargar assert that plaintiff Cianchette's claims in this action are

barred by Cianchette's successful motion for Rule 11 sanctions in the companion

case, and they move for summary judgment on the ground of res judicata.

## BACKGROUND

     There are no disputes of material fact. The roots of this case go back to

August 20, 2004, when the Kargars purchased Lot 11 in the unfinished Sherwood

Forest Subdivision from Davis Land Development, LLC. Plaintiff Cianchette

Family LLC purchased the remainder of Sherwood Forest on April 12, 2005.

Disputes arose between the two neighbors, leading Cianchette to file a complaint

in February 2007 alleging that the Kargars had violated the Sherwood Forest

Subdivision's protective covenants. The Kargars counterclaimed, accusing

Cianchette of the same.

1

A judicial settlement conference was held with Chief Justice Humphrey on August 11, 2008, and the parties reached an agreement. This agreement was read into the record, but required that certain actions be taken before it could be reduced to a final writing. The Kargars challenged the agreement on April 6, 2009, alleging that they thought they would receive certain recreational rights under the settlement. This challenge was not successful. The parties' properties were then surveyed, and the agreed-upon boundaries were reduced to a legal written description. The settlement agreement was then put into writing and signed on June 24, 2009.

The agreement required the Kargars to support and assist Cianchette's application to terminate the Sherwood Forest Subdivision Plan and its attendant restrictions. This application was scheduled to be heard before the Town of Falmouth Planning Board on February 2, 2010. On January 29, 2010, the Kargars, through their new attorney, informed the plaintiff that they believed the written agreement did not accurately describe certain property boundaries. They filed a motion to reform the agreement, claiming that there had been a mutual mistake or, alternatively, that they had been defrauded. They also informed the Planning Board that they would not support Cianchette's application. Cianchette opposed the motion and requested that the court impose Rule 11 sanctions on the Kargars for acting in bad faith. Cianchette also moved for leave to add a count relating the Kargars' alleged breach of the settlement agreement to its complaint.

Cianchette initiated this separate civil action against the Kargars on March 4, 2010. The complaint alleges that the Kargars breached the settlement agreement by their actions of January 29, 2010, and made fraudulent statements to the court that caused Cianchette harm. It requests compensatory and punitive

2

damages, and "that the [c]ourt require the Kargars to comply with the covenants and settlement agreement . . . ." (Compl. at 7.)

An evidentiary hearing on the Kargars' motion was held on May 28, 2010, in Superior Court with Justice Cole presiding. The parties were allowed to submit exhibits and to call and cross-examine witnesses in accord with Maine's Rules of Evidence. At the close of the hearing, Justice Cole denied the Kargars' motion and found that there was a basis for imposing Rule 11 sanctions. Following this hearing, Cianchette submitted a supplemental motion for sanctions requesting: its attorney fees and costs incurred in responding to the motion; future fees and costs necessary to reschedule the Planning Board meeting; additional taxes that it would have to pay on the land due to the failure to remove the subdivision restrictions; and costs incurred for road maintenance, plowing, and association expenses.

In a written order dated July 23, 2010, the court found that there were no good grounds supporting the Kargars' motion and/or that it was interposed for delay. It therefore denied the Kargars' motion and determined that they had violated Maine Rule of Civil Procedure 11 by submitting a motion with no legal merit or factual support in order to delay the termination of the subdivision and delay the conclusion of the settlement. The court granted Cianchette's request for current and future legal fees and costs. It did not address the request for taxes or other association expenses, and did not rule on Cianchette's motion to amend its complaint.

The Kargars now move for summary judgment in Cianchette's civil action on the ground that Cianchette's complaint is duplicative of its motion for Rule 11 sanctions, and the order granting Rule 11 sanctions in the companion case bars

3

them from seeking to recover similar damages for the same conduct in this case. Cianchette contends that the Rule 11 motion decided only the narrow issue of the Kargars' bad faith, and did not reach the larger questions of breach and fraud. It claims it should therefore be allowed to seek the full extent of its damages suffered as a result of the Kargars' breach.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. There are no material disputes of fact relevant to the Kargars' motion, leaving only the legal issues of res judicata for this court's review. "The doctrine of res judicata is a 'court-made collection of rules designed to ensure that the same matter will not be litigated more than once.'" *N.E. Harbor Golf Club, Inc. v. Town of Mount Desert*, 618 A.2d 225, 227 (Me. 1992) (quoting *Beegan v. Schmidt*, 451 A.2d 642, 643–44 (Me. 1982)) Res judicata has two components: claim preclusion, and issue preclusion. *Penkul v. Matarazzo*, 2009 ME 113, ¶ 7, 983 A.2d 375, 377 (quoting *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131, 138).

Issue preclusion, also referred to as collateral estoppel, "prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 17, 989 A.2d 733, 740 (quoting *Portland Water Dist.*, 2008 ME 23 121 ¶ 22, 834 A.2d at 1100) (quotations omitted). "Claim preclusion prevents relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for

4

decision in the second action were, or might have been litigated in the first action." *Id.* (quoting *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 8, 940 A.2d 1097, 1099) (quotations omitted).

There is no question that the same parties are involved in both of the relevant actions. It is equally clear that this case and the prior Rule 11 motion raise identical issues. The question before this court is, then, whether the order granting Cianchette Rule 11 sanctions is a valid final judgment on the merits. It is not.

The United States Supreme Court squarely addressed this issue in *Willy v. Coastal Corp.*, 503 U.S. 131 (1992). Interpreting the nature of sanctions imposed under Federal Rule of Civil Procedure 11, the Court explained that "'imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.'" *Id.* at 138 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990)). Orders granting sanctions do "'not signify a [trial] court's assessment of the legal merits of the complaint.'" *Id.* (quoting *Cooter & Gell*, 496 U.S. at 396).

The Supreme Court's interpretation of the Federal Rule 11 offers persuasive guidance to this court's interpretation of Maine's own Rule 11. *See Bean v. Cummings*, 2008 ME 18, ¶ 11, 939 A.2d 676, 680 (quoting *Me. Cent. R.R. Co. v. Bangor & Aroostook R.R. Co.*, 395 A.2d 1107, 1114 (Me. 1978)) (interpretations of the federal rules may provide guidance in interpretation of analogous rules in Maine). The court's decision to grant Cianchette Rule 11 sanctions in the companion case only stands for the prospect that the Kargars were acting in bad faith for the purpose of delay in that action. It was not a final judgment on the

legal merits of the claims raised in this action. As such, it can have no preclusive

effect.

**The entry is:**

The defendants' motion for summary judgment is denied.

DATE: _Feby 23, 2011_

_____

Roland A. Cole
Justice, Superior Court

---------------------------------------------------------------------

01 0000003232          PERKINS, DAVID
        30 MILK STREET PO BOX 449 PORTLAND ME 04112-0449

| | | | | |
|---|---|---|---|---|
| F | CIANCHETTE FAMILY LLC | PL | RTND | 03/08/2010 |

02 0000000559          WHITING, STEPHEN
        75 PEARL ST SUITE 207 PORTLAND ME 041014101

| | | | | |
|---|---|---|---|---|
| F | CHAMAYEL KARGAR | DEF | RTND | 03/19/2010 |
| F | MOHAMMED KARGAR | DEF | RTND | 03/19/2010 |