STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-227

LAURA PELLEGRINO,

        Plaintiff

v.

        ORDER

MAINEHEALTH d/b/a MAINE
MEDICAL CENTER,

        Defendant

**Plaintiff-William Herbert, Esq.**
**Defendant-Joshua Hadiaris, Esq.**

Before the court is a motion by defendant MaineHealth to dismiss the complaint for failure to comply with the procedural requirements of the Maine Health Security Act, 24 M.R.S. § 2903.

The complaint alleges that plaintiff Laura Pellegrino was injured on or about January 31, 2018 when she tripped over an electrical cord that had been negligently stretched across a room at Maine Medical Center.

In its motion to dismiss, MaineHealth argues that because Pellegrino was a patient recovering from surgery, this is an action against a health care provider "arising out of the provision or failure to provide health care services" within the meaning of 24 M.R.S. 2502(6) and therefore requires the service of a notice of claim and submission of the claim to the screening panel process as set forth in 24 M.R.S. § 2903 and §§ 2851-58.

Pellegrino argues that this is a premises liability claim rather than a claim of negligence arising out of health care services and that therefore the Health Security Act does not apply.[1]

---

[1] Pellegrino's complaint alleges four causes of action: (1) a claim that MaineHealth failed to ensure that the premises were reasonably safe; (2) a somewhat mysterious claim that MaineHealth negligently

REC'D CUMB CLERKS OFC
JAN 2 '20 AM8:39

At the outset there is an issue whether MaineHealth's motion should be considered as a challenge to subject matter jurisdiction under Rule 12(b)(1) or as a contention that the complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6). The difference between the two standards is that on a motion to dismiss for lack of subject matter jurisdiction, the court can consider matters outside of the pleadings without converting the motion to dismiss into a motion for summary judgment. *See, e.g., Gutierrez v. Gutierrez,* 2008 ME 190 ¶ 10, 921 A.2d 153.

In 2009 the Law Court suggested that whether a complaint had been filed in violation of the provisions of the Health Security Act relates to subject matter jurisdiction. *Hill v. Kwan,* 2009 ME 4 ¶¶ 8-9, 962 A.2d 963. More recently, however, the Law Court utilized the Rule 12(b)(6) standard in upholding a trial court's denial of a motion to dismiss a premises liability claim against a health care provider. *Salerno v. Spectrum Medical Group P.A.,* 2019 ME 139 ¶¶ 2, 16, 204 A.3d 133.

In the instant case, the court does not need to resolve this issue because the complaint alleges that Pellegrino had entered the premises of the Maine Medical Center in order have an operation,[2] and there is no dispute that Maine Medical Center is a health care provider.

Even though Pellegrino was undergoing treatment at Maine Medical Center at the time of her injury, the Law Court's decision in *Salerno v. Spectrum Medical Group P.A.* demonstrates that the Health Security Act is not implicated when the alleged negligence is unrelated to the provision of health care. 2019 ME 139 ¶¶ 19-20. *Salerno* involved a claim that a plaintiff undergoing water

---

allowed a clothing rack to occupy a passageway, thereby creating a dangerous condition; (3) a claim that MaineHealth negligently failed to inspect and discover a dangerous condition; and (4) a claim that MaineHealth negligently failed to warn Pellegrino of a dangerous condition. All are premises liability claims.

[2] Complaint ¶ 4.

2

therapy after a hip replacement slipped because of an unsafe condition in a locker room operated by a health care provider. The Law Court concluded that Salerno's complaint asserted a premises liability claim that did not require compliance with the Health Security Act.

It follows that Pellegrino's claim in the case at bar also cannot be found to have arisen out of the provision or failure to provide health care services.[3] Unlike *Thayer v. Jackson Brook Institute*, 584 A.2d 653, 654 (Me 1991), MaineHealth's alleged negligence in this case did not involve any treatment decision or failure to provide proper treatment.

The entry shall be:

Defendant's motion to dismiss is denied. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 27, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 01/02/20

---

[3] This is true even if the court were to consider a letter attached to MaineHealth's reply memorandum in which plaintiff's counsel elaborated on her claim. In that letter plaintiff's counsel asserts that the electrical cord was stretched from Pellegrino's hospital bed to a wall outlet and that Pellegrino was advised by Maine Medical Center staff to get up and move around when she was ready. However, Pellegrino is not asserting that the advice to move around when she was ready (which would constitute a treatment recommendation) was negligent; she is instead alleging that there was a tripping hazard that constituted a dangerous condition whether or not she had been told to move around and whether she was a patient or a visitor.

3