2007 ME 59

**Allison W. GUTIERREZ**

v.

**Manuel P. GUTIERREZ.**

Supreme Judicial Court of Maine.

Submitted On Briefs: March 29, 2007.

Decided: May 15, 2007.

Robert J. Rubin, Esq., Rubin & Strout, P.A., Rockport, for plaintiff.

Christopher K. MacLean, Esq., Elliott & MacLean, LLP, Camden, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CALKINS, J.

[¶ 1] Allison W. Gutierrez appeals from a judgment entered in the District Court (Rockland, *Anderson, J.*) dismissing her complaint for divorce from Manuel P. Gutierrez. Allison argues that the District Court violated her procedural due process rights and erred by finding that Maine has no subject matter jurisdiction over the divorce.

## I. BACKGROUND

[¶ 2] Allison and Manuel were married in Massachusetts in 1999. They have two children. A daughter was born in 2002, and a son was born in 2004. After the marriage they lived together primarily in St. Croix, U.S. Virgin Islands.

[¶ 3] They have a summer home in Maine that they purchased in 2004, and Allison and the children spent the summer of 2005 at the summer home. They returned to St. Croix on September 15, 2005. While in St. Croix, Allison (1) delivered a check for tuition for the 2005–06 school year to the St. Croix school in which she had enrolled the daughter; (2) enrolled the daughter in a semester-long dance program and a Christmas dance recital; (3) joined the St. Croix Women's Initiative, a local charitable group; (4) purchased real estate with Manuel in St. Croix for $430,000; and (5) attended the daughter's Christmas dance program and socialized with Manuel and others in St. Croix. Allison made two trips to the mainland attending a conference in Washington, D.C. in November 2005 and visiting her mother in December 2005, without going to the Maine home.

[¶ 4] On January 5, 2006, Allison and the children flew to Boston, where Allison was to undergo surgery on January 18, 2006, on roundtrip tickets with a January 24, 2006, return date. Allison and the children traveled to Maine on January 7, 2006, and returned to Massachusetts for the scheduled surgery on January 18, 2006. Following the surgery, Allison and the children returned to Maine and remained. She filed her divorce complaint on March 16, 2006, alleging that she "resided in Maine in good faith for six months before filing this complaint." The complaint seeks a determination of parental rights of the two children and alleges that they have lived with Allison in Maine since June 15, 2005.

[¶ 5] Manuel filed a motion to dismiss the complaint for lack of subject matter jurisdiction because Allison had not resided in Maine in good faith for six months prior to filing the complaint. He also filed a motion to dismiss the complaint for lack of subject matter jurisdiction on the ground that Maine is not the home state of the children, has not been their home state within six months of the filing of the complaint, and their home state, the U.S. Virgin Islands, has not declined jurisdiction. Affidavits accompanied the motions. Allison responded with a memorandum and affidavit. Both parties filed additional memoranda and affidavits. Allison did not request an evidentiary hearing.

[¶ 6] The court ruled on the motions, concluding that it does not have subject matter jurisdiction over either the divorce or the child custody dispute. The court dismissed the complaint. It held that, pursuant to 19–A M.R.S. §§ 901(1), 1745 (2006), it did not have subject matter jurisdiction over the complaint because Allison had not lived in Maine for six consecutive months prior to filing the divorce. It found that Allison's absence from Maine

between September 2005 and January 2006 was not a temporary absence because Allison (1) stayed in St. Croix for almost four months; (2) purchased a roundtrip ticket when she left in January 2006; (3) paid for the daughter's education for the coming year in St. Croix; (4) enrolled the daughter in dance classes and a Christmas recital; (5) joined a civic organization; (6) purchased expensive real estate for a planned house; (7) left St. Croix for the mainland on two separate occasions without the children and without returning to the Maine home; (8) did not register to vote in Maine or obtain a driver's license until she returned to Maine in January 2006; and (9) remained at her St. Croix address for federal tax purposes.

[¶ 7] Allison filed a motion to reconsider contending that the court had violated her rights to due process by not holding an evidentiary hearing. She also argued that the U.S. Virgin Islands had declined to exercise jurisdiction. The court denied her motion, and she noticed the appeal.

## II.  DISCUSSION

### A.  Allison's Due Process Contentions

[¶ 8] Allison's first issue on appeal is whether she was deprived of her rights to due process because the court did not hold an evidentiary hearing and because it failed to treat the motions to dismiss as summary judgment motions. Allison did not request an evidentiary hearing and did not give the trial court any indication of what she would present at an evidentiary hearing. The court had extensive affidavits from both parties and no reason to believe that an evidentiary hearing was needed. Most of the basic facts regarding who lived where and when are not disputed. To be sure, the parties dispute the significance of the basic facts, and they dispute Allison's intent with regard to the Maine residence. However, as discussed

below, because Allison's intent is not relevant to a determination of whether the statutory criteria have been met in this case, no evidentiary hearing was needed.

[¶ 9] Motions to dismiss, which challenge personal jurisdiction, are most commonly decided without holding an evidentiary hearing. *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 13, 735 A.2d 984, 988. The facts in this case that are necessary to determine whether the court had subject matter jurisdiction over the parties' divorce are similar to those that commonly arise in personal jurisdiction matters. We conclude that Allison's due process rights were not violated when the court did not sua sponte hold an evidentiary hearing.

[¶ 10] Furthermore, we fail to see any due process problem created by the fact that the court did not treat the motion to dismiss as a summary judgment motion. Although M.R. Civ. P. 12(b) suggests that a motion pursuant to Rule 12(b)(6) should be treated as a summary judgment motion when the parties present materials outside of the pleadings, such is not true for motions pursuant to Rule 12(b)(1), the rule provision regarding motions to dismiss for lack of subject matter jurisdiction. The court did not err in failing to treat the motion to dismiss for lack of subject matter jurisdiction as a summary judgment motion.

B. Subject Matter Jurisdiction

[¶ 11] Jurisdiction over divorce actions is a matter of statutory law. The relevant statute provides that a person may file a divorce complaint if:

A. The plaintiff has resided in good faith in this State for 6 months prior to the commencement of the action;

B. The plaintiff is a resident of this State and the parties were married in this State;

C. The plaintiff is a resident of this State and the parties resided in this State when the cause of divorce accrued; or

D. The defendant is a resident of this State.

19–A M.R.S. § 901(1).

[¶ 12] Similarly, jurisdiction over child custody disputes is a matter of statutory law, specifically the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 19–A M.R.S. §§ 1731–1783 (2006). The relevant statute provides that a Maine court has jurisdiction only if Maine is the child's home state or another court does not have jurisdiction or declines jurisdiction.[1] 19–A M.R.S. § 1745(1). A

---

1. The statute provides:
    1. Jurisdiction over initial determination. Except as otherwise provided in section 1748, a court of this State has jurisdiction to make an initial child custody determination only if:
    A. This State is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this State but a parent or person acting as a parent continues to live in this State;
    B. A court of another state does not have jurisdiction under paragraph A or a court of the home state of the child has

declined to exercise jurisdiction on the ground that this State is the more appropriate forum under section 1751 or 1752 and:
    (1) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this State other than mere physical presence; and
    (2) Substantial evidence is available in this State concerning the child's care, protection, training and personal relationships;
    C. All courts having jurisdiction under paragraph A or B have declined to exercise jurisdiction on the ground that a court of this State is the more appropri-

child's "home state" is defined as "the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding." 19–A M.R.S. § 1732(7) (2006).

[¶ 13] We review a court's decision regarding subject matter jurisdiction in a divorce case de novo, *Norris Family Assocs., LLC v. Town of Phippsburg,* 2005 ME 102, ¶ 8, 879 A.2d 1007, 1011, although we review the factual findings for clear error, *see Alley v. Parker,* 1998 ME 33, ¶ 5, 707 A.2d 77, 78.

[¶ 14] The major dispute is whether Allison's stay at the Maine summer home beginning in June 2005, started the six-month period of residing in Maine in good faith prior to the filing of the divorce action on March 16, 2006, and was the beginning of the six months in which the children lived with a parent in Maine so as to give Maine jurisdiction as the children's home state. The court found that as of March 16 Allison had not resided in Maine for six months prior to filing the divorce action and Maine is not the children's home state as they had not lived in Maine for six consecutive months before the complaint was filed.

[¶ 15] The dispute is dependent upon the meaning of the term "resided" in 19–A M.R.S. § 901(1)(A). Allison contends that it is the equivalent of "domiciled." She relies on decisions in which we have used the term "domicile" in connection with divorce jurisdiction. In *Belanger v. Belanger,* 240 A.2d 743, 746 (Me.1968), we held that the predecessor statute to section 901(1)(A), with its provision for jurisdiction if a plaintiff "had resided here in good

faith for 6 months prior to the commencement of proceedings," meant that the plaintiff had to be domiciled in Maine. We noted further that establishing a domicile requires both residence and intent to remain. The plaintiff in the *Belanger* case lived in Connecticut, visited her adult son in Maine where she filed the divorce, returned to Connecticut, but came back to Maine for hearings in the divorce case. This was not enough to establish jurisdiction over the divorce in Maine. *Id.* at 746–47.

[¶ 16] The divorce jurisdiction statute, however, requires something slightly different than either residence or domicile. The relevant provision requires that a person "has resided in good faith in this State for 6 months prior to the commencement of the action." 19–A M.R.S. § 901(1)(A). As the facts of *Belanger* make clear, domicile alone will not establish jurisdiction over the divorce. Domicile without residing in Maine for the duration of six months is not enough. Because a plaintiff who relies on section 901(1)(A) for the jurisdictional basis must demonstrate that he or she has actually resided in Maine for six months in good faith, the intent that is often relevant to an issue of domicile is not relevant to whether the plaintiff has resided for six months in Maine. Even assuming that Allison intends to remain in Maine and make Maine her place of abode, that intention is not enough to establish jurisdiction of a Maine court over her divorce action.

[¶ 17] Allison contends that she was only temporarily absent from Maine, and that temporary absences can be counted

ate forum to determine the custody of the child under section 1751 or 1752; or D. No court of any other state would have jurisdiction under the criteria specified in paragraph A, B or C.

19–A M.R.S. § 1745(1) (2006).

within the six-month period. There is no dispute that Allison was absent from Maine for sixteen weeks from September 15, 2005, until early January 2006, but the parties dispute the characterization of that absence. Whether a temporary absence can be included in the six months of section 901(1)(A) is not answered in the statute itself, unlike section 1732(7), which expressly provides that temporary absences are included. Assuming that a period of temporary absence can be considered in computing the six-month period in section 901(1)(A), the court did not err in concluding that Allison's absence from Maine from September until January was not a temporary absence. Indeed, that sixteen-week absence from Maine was longer than the initial twelve-week summer stay that preceded it. As the trial court noted, Allison was not in Maine for sixteen of the twenty-six weeks that preceded her filing of the complaint. Because the undisputed facts demonstrate that Allison had not resided in Maine for six months before she filed her divorce complaint, the court did not err in dismissing the complaint for lack of subject matter jurisdiction.

[¶ 18] The analysis with regard to the jurisdiction of the court to decide the child custody issues is similar. Even if the court had jurisdiction over the divorce, it did not have jurisdiction over the parental rights aspects of the case because Maine was not the home state of the children at the time the action was filed. The children had not lived in Maine for six consecutive months prior to the commencement of the action.

[¶ 19] Allison contends that the U.S. Virgin Islands cannot be the home state of the son because he has never lived there for a period of six consecutive months.[2]

For that reason, she argues, the Maine court does have jurisdiction with respect to the son because no other court has jurisdiction, and therefore, section 1745(1)(B) applies. Under section 1745(1)(B) when another state does not have jurisdiction as the child's home state, then Maine can exercise jurisdiction if the child and at least one parent have a significant connection to Maine "other than mere physical presence," and "[s]ubstantial evidence is available in this State concerning the child's care, protection, training and personal relationships." She contends that the court erred in not considering jurisdiction under section 1745(1)(B). Allison does not make this same argument with regard to the daughter, most likely because the daughter, who is older than the son, lived for longer periods in St. Croix.

[¶ 20] The problem with Allison's argument regarding the son is that even if Maine could exercise jurisdiction over a parental rights determination, it would not make sense for it to do so, given that it cannot exercise jurisdiction over the divorce and a child custody determination of the daughter. Thus, the end result of Allison's argument is a declination of jurisdiction.

The entry is:

Judgment affirmed.

---

2. For purposes of the UCCJEA, the U.S. Virgin Islands is considered a state. 19-A M.R.S. § 1732(15) (2006).