STATE OF MAINE
CUMBERLAND, SS.

STATE OF MAINE
Cumberland ss. Clerk's Office

FEB 02 2016

RECEIVED

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-15-38

LESLIE FISSIMER,
Individually and as Trustee of the
LESLIE S. FISSMER REVOCABLE
TRUST
   Plaintiff,

v.

TOWN OF CAPE ELIZABETH and
CUNNER LANE, LLC

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT
LANE'S MOTION TO DISMISS
AND PLAINTIFF'S MOTION
FOR SANCTIONS

Before the court is Defendant Cunner Lane LLC's (hereafter "Lane") motion to dismiss Plaintiff's 80B Complaint pursuant to M.R. Civ. P. 12(b)(1) and Plaintiff's (hereafter "Fissimer") motion for sanctions against Lane pursuant to M.R. Civ. P. 11. A hearing on the motions was held on January 26, 2016. Based on the following, Lane's motion for to dismiss and Fissimer's motion for sanctions are denied in toto.

I. **BACKGROUND**

Fissimer filed a Complaint pursuant to M.R. Civ. P. 80B, appealing the decision of the Town of Cape Elizabeth Code Enforcement Officer and Zoning Board of Appeals regarding the issuance of a building permit to Lane. On October 21, 2015, Lane filed a motion to dismiss the appeal pursuant to M.R. Civ. P. 12(b)(1), arguing that the court lacks subject matter jurisdiction because Fissimer did not file within 45 days from the vote on the original decision by the Town of Cape Elizabeth. 30-A M.R.S.A. § 2691(3)(G).

On November 12, 2015, Fissimer filed an opposition to Lane's motion to dismiss and a motion for sanctions against Lane for filing the motion to dismiss.

1

## II.    DISCUSSION

### A.    Standard of Review – Subject Matter Jurisdiction

A motion to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. M.R. Civ. P. 12(b)(1). "When a court's jurisdiction is challenged, the plaintiff bears the initial burden of establishing that jurisdiction is proper." *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 8, 861 A.2d 662. The court makes no favorable inferences in favor of the plaintiff. *Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363. The court may consider materials outside of the pleadings. *Gutierrez v. Gutierrez*, 2007 ME 59, ¶ 10, 921 A.2d 153.

### B.    Lane's Motion to Dismiss

The parties do not contest the date by which Plaintiff was required to file her appeal; to wit, September 11, 2015. Lane asserts that the appeal was filed on September 12, 2015, depriving the court of subject matter jurisdiction and that consequently Fissimer's appeal should be dismissed. Fissimer argues that the appeal was timely filed on September 9, 2015, two days before the expiration of the appeal period. For support, Fissimer points to the Affidavit of Kelley Massey, Attorney Shumadine's assistant, whom hand delivered the Complaint to the Court. The cover letter that accompanied the Complaint for filing was dated September 9, 2015.

Lane concedes that he relied only on the date stamp by the Clerk's Office but did not further investigate when the appeal actually was filed. By contrast Fissimer furnishes for the court's consideration printouts from the court's computer system, which, among other things, reflects when filings are made. The printouts reflect that Fissimer's filing

2

fee for her appeal was processed and that the appeal was filed on September 9, 2015. Fissimer further explains that the reason the Complaint was date stamped September 17, 2015 was because the clerk who accepted the Complaint on September 9, 2015 inadvertently failed to stamp it. By the time the Complaint reached the correct clerk for processing, the clerk noticed that the pleading had not been stamped and stamped it on the date the mistake was realized, September 17, 2015.

Lane does not contest this explanation, nor could it having conceded that it made no further investigation of the clerk's office beyond the date stamp to which it clings in order to press its motion to dismiss. There is no basis for the court to conclude that the Plaintiff's Complaint was filed beyond the appeal period and, as such, this court retains subject matter jurisdiction.

C.   Standard of Review – Rule 11 Sanctions

Pursuant to Maine Rule of Civil Procedure 11, every pleading must be signed by at least one attorney of record. M.R. Civ. P. 11(a). The signature constitutes a representation that the attorney has read the pleading; that to the best of the attorney's knowledge, information, and belief there are good grounds to support the pleading; and that it is not interposed for delay. *Id.* If a pleading is signed with intent to defeat the purpose of Rule 11, the court may impose appropriate sanctions upon the attorney, the client, or both. *Id.* Appropriate sanctions may include an order to pay the other party's expenses and reasonable attorney fees. *Id.*

The purpose of Rule 11 is to impress upon any attorney the seriousness of their obligations. *Paradis v. Webber Hosp.*, 409 A.2d 672, 675 (Me. 1979). However, an attorney need only believe that there are good grounds to support the pleading. *Id.* An

3

attorney has no affirmative duty to ascertain the truthfulness of the client's claims or assess the credibility of the client. *Id.*; 2 Harvey, *Maine Civil Practice* § 11.3 at 399 (3d ed. 2011).

D.    Fessimer's Motion for Rule 11 Sanctions

Whether the appeal was timely filed did not present an epistemological conundrum beyond the reasonable efforts of Lane's attorney should he have exercised those efforts. That truth notwithstanding, the court is reluctant to impose sanctions. Lane's attorney did not file the motion to dismiss to cause delay. Lane's attorney signed the motion based on his knowledge, information and belief that there were good grounds to support it, despite having been badly mistaken in the end. The fortuity that Lane's arguments were easily dispatched on the merits does not, standing alone, warrant the imposition of sanctions.

## III.    CONCLUSION

Based on the foregoing, Defendant Lane's motion to dismiss is denied. Plaintiff Fessimer's motion for sanctions is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 2/1/16.

Lance Walker
Justice, Superior Court

4