STATE OF MAINE
LINCOLN, ss

SUPERIOR COURT
Docket No.: AP-15-1

KATHLEEN BRYANT and THOMAS
BRYANT

Plaintiffs,

v.

TOWN OF WISCASSET,
ALLEN COHEN,
MELISSA COHEN, and
BIG AL'S OUTLET, INC.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANTS'
MOTION TO DISMISS

Before the Court is Defendants Allen and Melissa Cohen's Motion to Dismiss.
Cohen Defendants seek dismissal of the final remaining count of this case (Count IV).
Defendant claims that the Court does not have jurisdiction over the matter because the
count, seeking declaratory judgment that the Cohens' storage of fireworks is in violation
of Maine law, should have been brought as an administrative appeal pursuant to Maine
Rule of Civil Procedure 80C. Defendants make this assertion based upon the February
24, 2015 letter from Timothy Fuller, Inspection Supervisor for the Office of the State Fire
Marshal, to Plaintiffs' attorney, Jonathan Pottle confirming the Cohen Defendants'
compliance with Maine Law and NFPA regulation (the "Letter"). According to
Defendants, Plaintiffs' only avenue for relief is administrative appeal of the Letter to the
Superior Court. Because Plaintiffs failed to timely assert any claim pursuant to 80C,
Defendants contend that Plaintiffs are now barred from seeking relief.

Maine Rule of Civil Procedure 12, governing Defenses and Objections, requires
the Court to look solely to the Complaint to determine its sufficiency for motions to

1

dismiss brought pursuant to M.R. Civ. P. 12(b)(6). For motions to dismiss for lack of subject matter jurisdiction, the Court is permitted to consider materials outside of the pleadings. *Gutierrez v. Gutierrez*, 2007 ME 59, ¶ 10, 921 A.2d 153. Furthermore, in determining whether the Court has subject matter jurisdiction, the court makes "no favorable inferences in favor of the plaintiff such as . . . when reviewing a motion to dismiss for failure to state a claim upon which relief can be granted." *Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶ 9, 962 A.2d 335.

The Superior Court does not have jurisdiction over claims for declaratory judgment claim where the legislature has provided an alternative remedy to the conflict through appeal of an administrative decision. *Fisher v. Dame*, 433 A.2d 366, 372 (Me. 1981) ("[W]hen a legislative body has made provision, by the terms of a statute or an ordinance, for a direct means by which the decision of an administrative body can be reviewed in a manner to afford adequate remedy, such direct avenue is intended to be exclusive"). In the current case, Defendants argue that because Plaintiffs had the opportunity to bring an action for administrative appeal of the determination made by Fuller, Plaintiffs are barred from seeking declaratory relief. The Court looks not only to the Complaint, but the Court must also look to the Letter in order to determine whether the Court has jurisdiction to consider Plaintiff's claim for declaratory judgment. The Court reviews the Letter in order to determine whether final agency action has occurred.

The Maine Administrative Procedures Act defines final agency action as "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." 5 MRS 8002(4).

2

The Letter declares that the property in question and building thereon are not in violation of any Maine law or regulation concerning the storage of consumer fireworks. The Letter determines that the property is in compliance with Maine law on firework safety, which affects the legal rights of the parties. The Letter is dispositive of all issues presented to the Office of the State Fire Marshal, and there is no further recourse within the agency. The Court finds that the Letter constitutes final agency action.

Because the Letter constitutes final agency action taken by the Office of the State Fire Marshal, and because declaratory relief may not be sought where there is a legislatively created remedy, Plaintiffs' sole remedy to the determination made concerning the rights and duties of the parties in complying with the state code on fireworks was to appeal the Letter pursuant to Maine Rule of Civil Procedure 80C within the 30 days allowed. *See* 5 M.R.S. § 11002(3). Therefore, the Court dismisses Count IV for lack of subject matter jurisdiction.

Conclusion

The Court Grants Defendant Cohen's Motion to Dismiss Count IV.

Date: March 20, 2017

Lance E. Walker
Justice, Superior Court

3

| Date Filed: 12/23/14 | Lincoln County | Docket No. AP-15-01 |
|---|---|---|

Action: 80B Appeal

| Kathleen Bryant | vs. | Town of Wiscasset |
|---|---|---|
| Thomas Bryant | | Allen Cohen |
| | | Melissa Cohen |
| | | Big Al's Outlet, Inc. |

| Plaintiff's Attorney | Def's. Attorney | Cohen's & Big Al's Outlet, Inc. |
|---|---|---|
| Jonathan A. Pottle, Esq. | | Chris Neagle, Esq. #1074 |
| Eaton Peabody | | Troubh Heisler, P.A. |
| P.O. Box 1210 | | PO Box 9711 |
| Bangor, ME 04402-1210 | | Portland, ME 04104 |
| | Def. Attorney | Town of Wiscasset |
| | | Mary E. Costigan, Esq. |
| | | 100 Middle St., PO Box 9729 |
| | | Portland, ME 04104 |

STATE OF MAINE
LINCOLN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. LINSC-AP-15-001

KATHLEEN BRYANT and
THOMAS BRYANT,

      Plaintiffs-Appellants,

      v.

TOWN OF WISCASSET,
ALLEN COHEN, MELISSA COHEN, and
BIG AL'S OUTLET, INC.,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON RULE 80B APPEAL

Plaintiffs-Appellants Kathleen and Thomas Bryant ("the Bryants") appeal from a decision by the Town of Wiscasset Planning Board pursuant to Maine Rule of Civil Procedure 80B. The Bryants have also brought independent claims for violation of their rights to due process of law under the United States and Maine Constitutions.

Based on the following, the Bryants' appeal is denied and the decision of the Town of Wiscasset Planning Board is affirmed. Regarding the Bryants' claims for violation of their rights to due process of law, judgment is entered for Defendant the Town of Wiscasset.

## I.    BACKGROUND

Defendants-Appellees Allen and Melissa Cohen ("the Cohens") are the owners of a lot and storage building located at 2 JB's Way in Wiscasset, Maine. (R. 1.) The Cohens' property is located in the Town's rural zoning district. (R. 1.) The building is used to store consumer fireworks for the Cohens' business. (R. 26.) The Bryants reside at 32 JB's Way in Wiscasset, Maine. (R. 22.) The Bryants' property abuts the Cohens' property and they share a common driveway. (R. 28.)

On August 28, 2014, the Cohens submitted an application for site plan review to the Town's Planning Board seeking approval to construct a 35' x 60' addition on the storage building. (R. 1-2.) A Planning Board meeting to discuss the Cohens application was held on September 8, 2014. (R. 23.) Allen Cohen and his surveyor for the construction protect, Karl Olson, are both members of the Planning Board. (*Id.*) Mr. Cohen and Mr. Olson recused themselves from the Planning Board during discussion of the Cohens' application. (*Id.*) Mr. Cohen spoke before Planning Board in support for his application. (*Id.*)

As abutting property owners, the Bryants were provided notice of the meeting. (R. 22.) The Bryants appeared at the September 8, 2014 meeting and objected to the expansion of the storage building. (R. 28, 31.) The Bryants expressed concern about having fireworks stored in such close proximity to where they live. (R. 28-31.) The Planning Board voted to approve the Cohens' application for site plan review. (R. 23.)

The Planning Board issued a written decision on September 22, 2014. (R. 46-47.) In its written decision, the Planning Board concluded that the Cohens' current building and proposed expansion met the site plan review standards for the storage of hazardous materials because it "had been previously approved and inspected by the State Fire Marshall's Office." (R. 47.) The Bryants appealed the decision to the Town's Board of Appeals asserting: (1) that the Planning Board erred by failing to review the Cohens' application against all applicable legal standards, including National Fire Protection Association Standard 1124 ("NFPA 1124"); (2) that the Planning Boards finding that the State Fire Marshall had "approved" and "inspected" the building and expansion was not supported by substantial evidence; and (3) that Mr. Cohen, a member of the Planning Board, violated Maine's conflicts of interest law by personally advocating for approval of his application. (R. 49.) Following a purely appellate hearing, the

2

Board of Appeals voted to remand the matter back to the Planning Board with instructions to reconsider approval and to obtain the State Fire Marshall's approval in writing. (R. 57-58, 95.)

The Planning Board reconsidered the Cohens' application for site plan review at its meeting on November 10, 2014. (R. 61.) Mr. Cohen and Mr. Olson again recused themselves from the Planning Board during discussion of the Cohens' application. (*Id.*) There is no evidence that the Bryants were sent notice of the meeting and the Bryants did not appear. (*Id.*) Because a quorum was not present, no vote was taken on the Cohens' application. (*Id.*) The Planning Board considered the Cohens' application again at its meeting on November 24, 2014. (R. 63.) Mr. Cohen and Mr. Olson again recused themselves from the Planning Board. (*Id.*) There is no evidence that the Bryants were sent notice of the meeting and the Bryants did not appear. (*Id.*) The Planning Board voted again to approve the Cohens' application. (*Id.*) No written decision was issued. (R. 94.)

After learning of the Board's decision, the Bryants wrote a letter to the Planning Board on December 10, 2014, complaining of the lack of notice to them that the matter would be reconsidered. (R. 65.) The Bryants filed a second administrative appeal on December 22, 2014. (R. 67-68.) The Bryants' appeal asserted that, in addition to the objections raised by their prior appeal, they were deprived of due process by the lack of notice and opportunity to be heard by Planning Board at the November 10 and 24, 2014 meetings. (R. 67.) The Bryants also filed a complaint with this court for review pursuant to Maine Rule of Civil Procedure 80B and asserting independent causes of action on December 23, 2014. The Bryants filed a motion to specify the future course of proceedings on January 2, 2015.

During the pendency of the Bryants' appeals, on December 23, 2014, the Planning Board sent a letter to the Bryants stating that, although it was not required to send the Bryants personal

3

notice of the November 10 and 24, 2014 meetings, the Planning Board would reconsider the Cohens' application for site plan review at its January 12, 2015 meeting in order to provide the Bryants with an opportunity to be heard. (R. 72.)

The Bryants appeared at that January 12, 2015 meeting. (R. 77.) The Bryants submitted additional evidence to the Planning Board and presented argument regarding NFPA 1124. (*Id.*) The only issue discussed at that January 12, 2015 meeting was whether the Cohens' application must comply with NFPA 1124 in order to meet the Ordinance's hazardous materials site plan review standards. (R. 77-89.) Mr. Cohen and Mr. Olson again recused themselves from the Planning Board. (R. 77.) Mr. Cohen spoke before the Planning Board in support for his application. (*Id.*) At the conclusion of the meeting, the Planning Board voted again to approve the Cohens' application. (R. 78.) The Planning Board did not review or apply NFPA 1124. (R. 77-89.) The Planning Board did not make any additional findings of fact or conclusions of law on the record. (*Id.*) The Planning Board did not issue a written decision containing findings of fact or conclusions of law. (R. 94.)

On January 22, 2015, the Bryants filed a motion with this court for a trial of facts on their Rule 80B appeal and independent claims. Sometime thereafter, the Bryants learned that Board of Appeals would hold a hearing on their second administrative appeal. (Pls. Mot. Stay ¶ 11.) The Bryants moved to stay their Rule 80B appeal and independent claims on January 29, 2015, in order for the Board of Appeals to consider their second administrative appeal.

The Board of Appeals met on March 19, 2015, to consider the Bryants' second appeal. (R. 96.) The Bryants raised four objections before the Board of Appeals: (1) again, that the Planning Board committed an error of law by approving the storage facility in violation of NFPA 1124, and thereby, in violation of the Town's Ordinance; (2) again, that the Planning Board's

4

finding that State Fire Marshall "approved" and "inspected" the building and proposed expansion was not supported by substantial evidence; (3) again, that Mr. Cohen's presentation before the Planning Board violated Maine's conflicts of interest law; and (4) that the lack of notice and opportunity to be heard at the November 10 and 24, 2014 meetings deprived the Bryants of due process. (R. 97-99.) Following a purely appellate hearing, the Board of Appeals voted to deny the Bryants' appeal and affirmed the decision of the Planning Board. (R. 100.) A written decision was issued March 24, 2015. (*Id.*)

The Bryants filed an amended complaint for review pursuant to Rule 80B and independent claims on April 17, 2015. The Town and the Cohens filed their answers to the amended complaint and their oppositions to the Bryants' motion for trial of facts and motion to specify the future course of proceedings on May 8, 2015. The Bryants replied on May 15, 2015.

The court (Billings, J.) issued an order regarding the Bryants' pending motions on June 3, 2015. The court denied the Bryants' motion for a trial of facts. (Order 6/3/15.) The court granted the Bryants' motion to specify the future course of proceedings. (*Id.*) The court ordered that the Bryants' Rule 80B appeal (Count I) and claims for violation of due process under the United States and Maine Constitutions (Counts II and III) would be considered together. (*Id.*) The court stayed consideration of the Bryants' claim for declaratory judgment (Count IV) pending resolution of the other claims. (*Id.*)

Following an enlargement of time, the Bryants filed their brief and the administrative record with the court on July 28, 2015.[1] The Town and the Cohens both filed their briefs on

---

[1] Attached to the Bryants' brief is a copy NFPA 1124. (Pls. Br., Ex. A.) Rule 80B provides that, except where a motion for trial of fact has been granted, review shall be confined to the administrative record. M.R. Civ. P. 80B(f). As discussed further below, because the copy of NFPA 1124 attached to the Bryants' brief is not included in the record, it is not properly before the court and cannot be considered.

5

August 27, 2015.[2] Following an enlargement of time, the Bryants filed a reply on September 25, 2015.

## II.    STANDARD OF REVIEW

When reviewing the decision of a municipal agency pursuant to Maine Rule of Civil Procedure 80B, the court reviews the operative decision of the municipal agency "for abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Wyman v. Town of Phippsburg*, 2009 ME 77, ¶ 8, 976 A.2d 985 (internal quotation marks and citation omitted). Substantial evidence is evidence that a reasonable mind would accept as sufficient to form a conclusion, even if the evidence would also support a contrary conclusion. *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368. The party seeking to vacate the municipal agency's decision bears the burden of persuasion on appeal. *Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048.

## III.    ANALYSIS

The Bryants assert that the Planning Board erred in approving the Cohens' application for site plan review on four grounds: (1) the Planning Board committed an error of law by failing to apply NFPA 1124 as part of the hazardous materials site plan review standard contained in the Ordinance; (2) the Planning Board's finding that the State Fire Marshall "approved" and

---

[2] Attached to the Cohens' brief are five additional exhibits not included in the record. (Cohens Br., Exs. A-E.) The Cohens assert Exhibits A, B, and C were a part of their application to the Planning Board and should have been included in the record. (*Id.* at 2.) As discussed above, Rule 80B provides that, except where a motion for trial of fact has been granted, review shall be confined to the administrative record. M.R. Civ. P. 80B(f). Rule 80B further provides, "The parties shall meet in advance of the time for filing the plaintiff's brief or motion for trial of the facts to agree on the record to be filed. Where agreement cannot be reached, any dispute as to the record shall be submitted to the court." M.R. Civ. P. 80B(e)(2). The court presumes that, in compliance with Rule 80B, the parties conferred and agreed upon the record filed with the court. Neither party submitted any dispute to the court prior to the filing of the record. Thus, Exhibits A, B, and C are not part of the administrative record and cannot be considered by the court. Exhibits D and E attached to the Cohens' brief are also not part of the administrative record. The Cohens do not argue the Exhibit D or E should have been included in the record. Because Exhibits D and E are not part of the administrative record, they are not properly before the court and cannot be considered.

"inspected" the proposed building expansion was not supported by substantial evidence in the record; (3) the Bryants were denied due process of law; and (4) Mr. Cohen attempted to improperly influence the decision of the Planning Board. (Pls. Br. 8-15.)

A.    The Operative Decision for Review

As a threshold matter, the court must determine the operative decision for review. Where a board of appeals acts as a tribunal of original jurisdiction, making findings of fact, the court reviews the board of appeals decision. *Mills v. Town of Eliot*, 2008 ME 134, ¶ 13, 955 A.2d 258 (citation omitted). However, where a board of appeals acts strictly in an appellate capacity, the court directly reviews the decision of the previous municipal fact finder. Id. ¶ 13. The general rule is that a board of appeals conducts a *de novo* review and renders the operative decision unless the municipal ordinance expressly provides otherwise. *Id.* ¶ 14; *see* 30-A M.R.S. § 2691(3)(D).

Here, Article VIII, § 13 of the Town's Ordinance provides that, regarding appeals of Planning Board decisions on applications for site plan review:

> The Board of Appeals' jurisdiction shall be limited to hearing requests for a variance from a dimensional requirement, to interpreting the meaning of terms which are called into question, and to hearing a request to determine if the Planning Board acted in accordance with the procedures of this Article. The Board of Appeals shall not have the authority to substitute its judgment for that of the Planning Board with respect to any of the standards of this Article.

Wiscasset, Me., Zoning Ordinance, Art. VIII, § 13 (Nov., 2012). Thus, the Board of Appeals in this case acted strictly in an appellate capacity. Therefore, the decision of the Planning Board is the operative decision for review before this court.

The court also notes that the Planning Board voted three times to approve the Cohens' application for site plan review. (R. 23-24, 63, 77-78.) However, only one written decision containing findings of facts and conclusions of law was issued on September 22, 2014, following

7

the Planning Board's initial consideration of the Cohens' application. (R. 46-48, 94.) No changes were made to the Planning Board's decision at the November 24, 2014 meeting or the January 12, 2015 meeting. (R. 63, 77-78.) Thus, on reconsideration, the Planning Board effectively reaffirmed its earlier decision. Therefore, there is only one operative decision for review: the Planning Board's September 22, 2014 decision, which it reaffirmed on reconsideration. *See Fitanides v. City of Saco*, 2015 ME 32, ¶ 9, 113 A.3d 1088 (The planning board voted twice on two conditional use permits, once when the permits were issued, and again following a remand by the board of appeals. Although there were two votes, the planning board issued the permits only once, merely voting the second time to keep the permits unchanged. The Law Court held that there was only one operative decision for review: the Board's decision to grant the conditional use permits.).

B.     Applying the Hazardous Materials Standard

The Bryants argue that the Planning Board committed an error of law by failing to apply NFPA 1124 as part of its hazardous materials site plan review standard. (Pl. Br. at 8.)

The Town of Wiscasset Zoning Ordinance classifies patterns of land use into twelve zoning districts, including residential and rural zoning districts, and outlines the permitted uses in each district. Wiscasset, Me., Zoning Ordinance, Art. VI, §§ 2.1, 4.1 (June 2012). As previously discussed, the Cohens' property is located in the rural zoning district. (R. 1.) Planning Board approval in accordance with the Ordinance's site plan review standards is required to store hazardous materials in the rural zoning district. Wiscasset, Me., Zoning Ordinance, Art. VI, Schedule of Uses- Land Use Matrix, § 3 (June 2012). Section 9.L.1 of the Ordinance's site plan review standards states:

8

> The handling, storage and use of all materials identified by the standards of a federal or state agency as hazardous, special, or radioactive shall be done in accordance with the standards of these agencies.

Wiscasset, Me., Zoning Ordinance, Art. VIII, § 9.L.1 (Nov., 2012). Consumer fireworks are classified as hazardous materials under both state and federal law. *See* 8 M.R.S. ¶ 221-A(1-A); 27 CFR § 555.11; 49 CFR § 172.101.

Maine law provides that a person authorized to sell consumer fireworks may store and sell fireworks only in a permanent, fixed, stand-alone building dedicated solely to the storage and sale of consumer fireworks. 8 M.R.S. § 223-A(4). Maine law further provides that the building must be constructed, maintained and operated, and all consumer fireworks must be stored in compliance with the requirements of NFPA 1124, as adopted by the Office of the State Fire Marshall. *Id.* § 223-A(4)(A). It is generally asserted throughout the administrative record that NFPA 1124 prohibits consumer firework storage buildings in residential areas.[3] (R. 49, 59, 65, 75-76, 77, 81, 95.)

The Bryants argue that in order to satisfy Ordinance's hazardous materials site plan review standard, § 9.L.1, the Cohens' storage of consumer fireworks must comply with NFPA 1124. (*Id.* at 9-10.) The Bryants assert that the Planning Board erred as a matter of law because it failed to review or apply NFPA 1124 as part of its site plan review. (*Id.* at 12.) The Bryants further assert the Planning Board erred in approving the Cohens' site plan review application

---

[3] Although NFPA 1124 is discussed throughout the administrative record, there is no copy of NFPA 1124 or its express terms contained in the administrative record. As discussed above, the Bryants have attached a copy NFPA 1124 to their brief. (Pls. Br., Ex. A.) Section 6.2.4 of NFPA 1124 states, "Consumer fireworks storage buildings shall not be used for residential occupancies and shall not be located in residential areas." (*Id.*) However, because the court's review is limited to the administrative record on appeal, the Bryants' copy of NFPA 1124 is not properly before the court and cannot be considered. *See* M.R. Civ. P. 80B(f). However, because the court finds that the interpretation and application of NFPA standards is not within the Planning Board's authority, the exact language of NFPA 1124 is not required for court to reach its conclusion.

9

because the Cohens' storage building violates of the plain language of NFPA 1124 because it is located in residential area. (*Id.* at 10-11.)

A municipal agency has only those powers expressly conferred to it by statute or those that are necessarily implied in order for the municipal agency to carry out its express powers. *Rockland Plaza Realty Corp. v. La Verdiere's Enters., Inc.*, 531 A.2d 1272, 1274 (Me. 1987). The Bryants have not cited, and the court is not aware of, any statute or ordinance giving the Planning Board the power or authority to interpret and apply NFPA standards adopted by the State Fire Marshall. Moreover, courts have generally held that municipal officials and boards cannot independently judge compliance with state and federal regulations and that such matters fall within the jurisdiction of the appropriate federal or state agencies. *Consolidated Waste Servs. v. Inhabitants of Norridgewock*, 1988 Me. Super. LEXIS 134, at *6 (June 2, 1988).

Here, compliance with NFPA standards falls within the jurisdiction of the State Fire Marshall. The Planning Board has no authority to review or apply NFPA 1124 as part of its site plan review hazardous materials standard. Therefore, the Planning Board did not err as a matter of law by declining to review or apply NFPA 1124 as part of its hazardous materials cite plan review standard and approving the Cohens' application.

C.     The Planning Board's Finding that the State Fire Marshall "Approved" and "Inspected" the Building Expansion

The Bryants next assert that the Planning Board's finding that the State Fire Marshall had "approved" and "inspected" the building and proposed expansion was not supported by substantial evidence. (Pl. Br. 12.) In its written decision issued on September 22, 2014, the Planning Board concluded that the Cohens' application complied with § 9.L.1 of the site plan review standard for storage of hazardous materials because "[t]he current building and proposed expansion have been previously approved and inspected by the State Fire Marshall's Office."

10

(R. 47.) The Planning Board made no changes to its earlier findings at the November 24, 2014 meeting or the January 12, 2015, meeting and again approved the Cohens' application. (R. 63, 77-78.)

As discussed above, substantial evidence is evidence that a reasonable mind would accept as sufficient to form a conclusion, even if the evidence could also support a contrary conclusion. *Sproul*, 2000 ME 30, ¶ 8, 746 A.2d 368. As fact finder, the municipal agency determines the credibility of the evidence. *Adelman v. Town of Baldwin*, 2000 ME 91, ¶ 14, 750 A.2d 577. On appeal, the court may not substitute its judgment for that of municipal agency. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172. In order to vacate a municipal agency's findings of fact, the appellant must demonstrate that no competent evidence supports the municipal agency's conclusions. *Adelman*, 2000 ME 91, ¶ 12, 750 A.2d 577.

In their application to the Planning Board, the Cohens stated, "fireworks storage approved and inspected by State Fire Marshall's Office." (R. 3.) At the September 8, 2014 meeting, Mr. Cohen represented to the Planning Board, "... the State Fire Marshal, when they came and inspected, approved me up to 7,000 feet – this will bring it under 5,000 feet – under the existing laws of storage." (R. 26.) Mr. Cohen further stated, "There are signs on all four sides of the building, as you're aware. The State required me to put up signs that it's fireworks." (R. 32-33.) Later in the meeting, Mr. Cohen again stated, "I started with the Fire Marshals and they've been there and inspected and reinspected..." (R. 37.)

After the Board of Appeals remanded the matter, the Town's attorney wrote a memorandum to the Planning Board dated November 7, 2014. (R. 59-60.) In her memorandum, the Town's attorney stated to Planning Board:

> According to Tim Fuller of the State Fire Marshall's Office, Mr. Cohen does not need a license for his storage facility because it is not on the same parcel as the

11

store. Mr. Fuller stated that he would typically look to a Town's zoning code and in this case the building is located in a rural zone that allows mixed uses and it is not a residential zone.

(R. 59.)

At the January 12, 2015 meeting, Mr. Cohen further stated to Planning Board:

I have a signature from the State Fire Marshal's Office that he came down and looked at the property and reviewed it on – on 10/17/13 signed by Tim Fuller, the State Fire Marshal who's in charge of fireworks. He wanted two "exit" signs and "fireworks – no smoking" signs outside. So there is documentation.

(R. 84.) Included in the administrative record is a "Valuation Report" of the Cohens' storage building. (R. 19, 91.) The Valuation Report contains handwritten notes stating: "PLRM Review," "2 exits," "exit signs," "fireworks, and "no-smoking signs." (*Id.*) The handwritten notes also include the date "10/17/13" and what appears to be the signature of "T Fuller." (*Id.*)

Town's attorney also spoke at the January 12, 2015 meeting and stated to the Planning Board:

I've spoken with the Fire Marshal's Office. We have – as Mr. Cohen said, we have the signature from Mr. Fuller that he went to the site. There is no license needed for the storage facility because a license is only needed if you're selling on the same property. So there's no actual, you know, approval from the Fire Marshal's office, but, as I understand it, to date there's also no letter from the Fire Marshal's Office that this cannot happen.

(R. 86-87.)

The above evidence is more than sufficient to support the Planning Board's conclusion. It was the duty of the Planning Board to assess the credibility of the record evidence and Mr. Cohen's statements that the State Fire Marshall had inspected and approved the building and the proposed expansion for the storage of consumer fireworks. The court will not substitute its judgment for that of the Planning Board. Therefore, Planning Board's conclusion and

12

reaffirmation that the State Fire Marshall had inspected and approved the Cohens' building and proposed expansion is supported by substantial evidence.

###### D.    Deprivation of Due Process of Law

The Bryants next assert in their Rule 80B appeal and in Counts II and III of their complaint that the Planning Board's failure to provide them with notice of the November 24, 2014 meeting, where the Cohens' application was reconsidered, constitutes a deprivation of due process of law under both the United States and Maine Constitutions. (Pls. Br. 13.) The Bryants also asserts that Mr. Cohen's participation in the November 10 and 24, 2014 meetings without the presence of the Bryants constitute ex parte communications in violation of their rights to due process of law. (Pls. Reply Br. 9-10.)

Applicants before a municipal agency and members of the public who oppose an application are entitled due process of law under the United States and Maine Constitutions. *Duffy v. Town of Berwick*, 2013 ME 105, ¶ 15, 82 A.3d 148; *see* U.S. Const. amend. XIV § 1; Me. Const. art. I, § 6-A. For adjudicatory hearings, due process generally requires: notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial fact finder. *Jusseaume v. Ducatt*, 2011 ME 43, ¶ 12, 15 A.3d 714. Additionally, "[c]ommunications between a decision-maker and only one party, without notifying the opposing party or providing that party with an opportunity to be heard, are ex parte communications that implicate the due process rights of the excluded party." *Duffy*, 2013 ME 105, ¶ 18, 82 A.3d 148. The court will vacate a municipal agencies decision if the ex parte communications "affects the integrity of the process and the fairness of the result." *Id.* (internal citation and quotation marks omitted).

13

However, due process is a flexible concept. *Id.* ¶ 16. Due process at the municipal level does not require full, trial-like procedures. *Town of Jay v. Androscoggin Energy, LLC,* 2003 ME 64, ¶ 9, 822 A.2d 1114. A municipal agency's relaxation or modification of procedural rules will not cause a reversal unless the appellant can demonstrate an injury or substantial prejudice. *Id.* Technical violations of the notice requirement are not fatal if the inadequate notice has not prejudiced the appellant. *Town of Ogunquit v. Dep't of Pub. Safety,* 2001 ME 47, ¶ 11, 767 A.2d 291. Furthermore, where the public has had full and fair opportunity to comment an application, a municipal agency does not violate due process by permitting the applicant to submit additional ex parte comments to the municipal agency without providing further opportunity to the public to comment. *Duffy,* 2013 ME 105, ¶ 17, 82 A.3d 148 (citing *Cunningham v. Kittery Planning Bd.,* 400 A.2d 1070, 1078-79 (Me. 1979)).

The Bryants have failed to demonstrate that they have suffered any prejudice as a result of the lack of notice of the November 24, 2014 meeting. After learning of the Planning Board's decision on November 24, 2014, the Bryants wrote a letter to the Planning Board on December 10, 2014, complaining of the lack of notice that the matter would be reconsidered. (R. 65.) The Planning Board sent a letter to the Bryants on December 23, 2014, stating that, although it was not required to send the Bryants personal notice of the November 24, 2014 meeting, the Planning Board would reconsider the Cohens' application for site plan review at its January 12, 2015 meeting in order to provide the Bryants with an opportunity to be heard. (R. 72.) The Bryants appeared at that January 12, 2015 meeting, where they submitted additional evidence and presented argument regarding NFPA 1124 to the Planning Board. (R. 77.) At the conclusion of the meeting, the Planning Board voted again to approve the Cohens' application. (R. 78.)

14

Even if the Planning Board's failure to notify the Bryants of the November 10 or 24, 2014 meetings violated the notice requirement, the Bryants were provided adequate opportunity to present additional evidence and have their arguments be heard at the January 12, 2015 meeting. Thus, the Bryants have not suffered any prejudice. Moreover, the Planning Board had provided the public, including the Bryants, with a full and fair opportunity to comment on the Cohens' application for site plan review at the September 8, 2014 meeting. Thus, Mr. Cohen's participation in the November 10 and 24, 2014 meetings without the Bryants present did not constitute the type of ex parte communications that violate their rights to due process of law at the municipal level. Therefore, the Bryants have not suffered a deprivation of due process under the United States or Maine Constitution.

E.    Mr. Cohen's Attempt to Improperly Influence the Planning Board

Lastly, the Bryants assert that Mr. Cohen violated Maine's conflicts of interest law by personally advocating for his application for site plan review. (Pls. Br. 15-16.) As previously discussed, Mr. Cohen is member of the Town's Planning Board. (R. 23.) Mr. Cohen recused himself from the Planning Board during the discussion of his application at the September 8, 2014 meeting. (*Id.*) Mr. Cohen spoke before Planning Board in support for his application. (*Id.*) Mr. Cohen also recused himself from the Planning Board during the November 10 and 24, 2014 meetings. (R. 61, 63.) Mr. Cohen again recused himself from the Planning Board during the January 12, 2015 meeting. (R. 77.) Mr. Cohen spoke before the Planning Board at the January 12, 2015 meeting in support of his application. (*Id.*)

Title 30-A, § 2605 provides that when an official has a direct or indirect pecuniary interest in a question before a municipal body, "the vote on the question ... is not voidable and actionable if the official makes full disclosure of interest before any action is taken and if the

15

official abstains from voting, ... *and from otherwise attempting to influence a decision in which that official has an interest.*" 30-A M.R.S. § 2605(4) (emphasis supplied).

The Bryants argue that Mr. Cohen violated § 2605(4) because Mr. Cohen otherwise attempted to influence the Planning Board's decision by personally appearing before the Planning Board and directly advocating for his application for site plan review. (Pls. Br. 15-16.)

Mr. Cohen's name appears on the application for site plan review. (R. 1.) The application and Mr. Cohen's testimony at the September 8, 2014 Planning Board meeting make clear that purpose of the application was to obtain Planning Board approval to expand the size of a building used to store consumer fireworks for the Cohens' business. (R. 3, 26, 34-35.) Thus, Mr. Cohen fully disclosed his interest in the application. Mr. Cohen recused himself from the Planning Board at each meeting. (R. 23-24, 61, 63, 77-78.) Mr. Cohen did not participate in the discussion of his application as a member of the Planning Board and did not vote. (*Id.*) There is no evidence in the record indicating that Mr. Cohen attempted to influence the decision of the Planning Board regarding his application other than as an applicant before the Planning Board. There is nothing in the statute that prohibits Mr. Cohen from appearing before the Planning Board in his individual capacity as an applicant to advocate for his application for site plan review. Therefore, Mr. Cohen did not violate Maine's conflicts of interest law.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs-Appellants Kathleen and Thomas Bryant's appeal from a decision by the Town of Wiscasset Planning Board pursuant to Maine Rule of Civil Procedure 80B is denied. The decision of the Town of Wiscasset Planning Board is affirmed.

16

On Count II and Count III of the amended complaint for violations of due process of law under the United States and Maine Constitution, judgment is entered in favor of Defendant-Appellant the Town of Wiscasset.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date:    September 21, 2016

Lance E. Walker
Justice, Superior Court