STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-468

HELGE REIMANN,

Plaintiff,

v.

ORDER

KRISTINA TOLAND,

REC'D CUMB CLERK'S OF
MAY 21 '21 AM 9:39

Defendant.

The plaintiff in this action, Helge Reimann, and the defendant in this action, Kristina Toland, were married and are at the conclusion of a divorce proceeding. Their family matter case, *Reimann v. Toland,* FM-18-324 (District Court West Bath), was commenced on October 25, 2018. On February 11, 2021 the District Court (Raimondi, J.) accepted a report by referee Margaret Lavoie and entered that report as an order of the court. That decision is now on appeal to the Law Court.[1]

Before Reimann and Toland wed, they entered into a premarital agreement that provided, inter alia, that upon any dissolution of the marriage they waived any right to each other's separate property and that each party would bear their own costs and attorney's fees if divorce proceedings were instituted. It also provided that upon any breach of the agreement, the party found in breach would be responsible for any attorney's fees incurred in enforcing the agreement.

On October 26, 2020, with the divorce proceeding pending, Reimann filed the complaint in this action, which seeks damages and attorney's fees against Toland for breach of the premarital agreement. In his complaint Reimann alleges that, notwithstanding the premarital agreement, Toland sought the use of a Subaru automobile and the marital home, both of which are his separate property, during the pendency of the divorce and that the Family Law Magistrate agreed with that

---

[1] The court can take judicial notice of the pleadings, orders, and other court records in the divorce proceeding. *Cabral v. L'Heureux,* 2017 ME 50 ¶ 10, 157 A.3d 795.

request in an interim order. Complaint ¶¶ 18-20. He further alleges that Toland requested that attorney's fees be awarded to her in violation of the premarital agreement. Complaint ¶¶ 25-28.

Before the court is defendant Kristina Toland's motion to dismiss or in the alternative to stay all proceedings. When this motion was briefed by the parties, the Referee had issued a report and the objections to that report were pending before the District Court. This case, like all civil cases, has been delayed by the pandemic and by the need for this court to focus on the criminal docket. Since the motion was briefed, the District Court, as noted above, has accepted the Referee's report and judgment in FM-18-324 (District Court West Bath) is now on appeal.

Discussion

Toland's motion is brought under M.R.Civ.P. 12(b)(1) and asserts that this court lacks jurisdiction because only the District Court has jurisdiction over the family matter and the issues that have arisen in the course of the family matter relating to the premarital agreement.[2] In the alternative, Toland argues that this case should be stayed until 30 days after final judgment is entered in the divorce case.

Under Rule 12(b)(1) the issue of whether subject matter jurisdiction exists is a question of law. *Tomer v. Maine Human Rights Commission*, 2008 ME 190 ¶ 9, 962 A.2d 335. In contrast to a motion under Rule 12(b)(6), in which the allegations on the complaint are accepted as true, the court does not draw inferences in favor of the plaintiff when subject matter jurisdiction has been challenged. *Id.* Courts may also rely on matters outside the pleadings without converting the motion to a motion for summary judgment. *Gutierrez v. Gutierrez*, 2007 ME 59 ¶ 10, 921 A.2d 153.

---

[2] Toland also alleges that the complaint should be dismissed under M.R.Civ.P. 12(b)(6) because it will not present a justiciable controversy until there is a final judgment in the family matter. In the court's view, there is a justiciable controversy, and the dispositive issue is whether this court, as opposed to the District Court, has any business in deciding that controversy.

At the time this motion was briefed, the interim order allowing Toland to use the Subaru and the marital home remained in effect. The Magistrate's order reasoned that, given the disparity in resources between Reimann and Toland[3] and the fact that Toland was the primary caregiver of the couple's 4-yeatr old daughter, allowing Toland to remain in the marital home on an interim basis would cause the least disruption and was in the best interest of the child. *See* Interim Order dated March 11, 2019 at 1-2. Although the Magistrate did not expressly discuss the basis for allowing Toland to use the Subaru, it is logical that this was also based on allowing Toland to fulfill her duties as primary caregiver while the divorce was pending.

The March 11, 2019 interim order specifically stated that it was in effect for a "limited transitional period" and noted in a footnote that the property in question could be set aside for Reimann as his sole and exclusive property in the final divorce proceeding. *Id.* at 2 and n.1. In fact, that is exactly what happened. The Referee's Report, which was accepted by the District Court, allocated the property of the couple as set forth in the premarital agreement, under which Reimann retained the marital residence and the Subaru. Referee's Report dated September 4, 2020 at 24-25. The Referee specifically rejected a request by Toland to be awarded the Subaru and directed that the vehicle be returned to Reimann within 30 days of a final divorce judgment. *Id.*

Moreover, according to the Referee's Report, while Reimann had argued that he was entitled under the premarital agreement to reimbursement for his expenses incurred because the Magistrate's interim order had allowed Toland to use the marital residence and the Subaru, Reimann withdrew that request after the hearing. Referee's Report 23.

The issue of whether, despite the premarital agreement, attorney's fees could be allowed to Toland was raised before the Referee. The Referee reviewed caselaw from other jurisdictions and ultimately concluded as follows:

> The child-related issues and what is ultimately in Leo's best interest

---

[3] The Referee's Report notes that Toland left her job when the couple's daughter was born and that, at the time of the hearing before the referee, she had no earned income while Reimann's annual income was found to be $489,615. Referee's Report at 3, 20-21.

3

are many and complicated in this case. Enforcing the fee-shifting provisions of the parties' premarital agreement, or in any premarital agreement, where the best interests of children is at issue, clearly could impair one party's ability to effectively litigate issues regarding children and affect a court's ability to assess and decide what is in children's best interest. Consequently, in considering the totality of the circumstances in this case, the Referee finds the fee-shifting provision of the parties' premarital agreement is unenforceable as it is void against public policy.

Referee's Report 28.

This issue was considered by the District Court on Reimann's objections to the Referee's Report. The District Court – noting that this was an issue of first impression in Maine – found that the Referee's conclusion that the premarital agreement yielded to public policy under the specific circumstances of this case was persuasive. District Court's order dated February 11. 2021 at 5. The District Court stated:

> If attorney's fees can be contracted away in matters that ultimately concern the best interest of a child, the financially superior or psychologically dominant parent would be in a position to force a result that might not be in the best interest of the child due to the other party's inability to afford the cost of litigation.

*Id.*

The question whether, on matters involving the best interest of the child, a waiver of attorney's fees in a premarital agreement is contrary to public policy is now before the Law Court on Reimann's appeal from the divorce judgment.[4]

---

[4] The issue of whether Reimann is entitled to reimbursement and attorney's fees for Toland's use of the marital residence and the Subaru pursuant to the March 11, 2019 Interim Order does not appear to be an issue on the appeal because Reimann withdrew that request in the proceedings before the Referee. Reimann could have preserved that issue, however, in which case it would have been adjudicated by the Referee, considered by the District Court on objections to the Referee's Report, and ultimately reviewed by the Law Court.

4

On the issue of subject matter jurisdiction, it is evident that the District Court has exclusive jurisdiction over divorce and other proceedings under Title 19A, *see* 4 M.R.S. § 152(11), and that would include issues in divorce proceedings that involve premarital agreements under the Uniform Premarital Agreement Act, 19-A M.R.S. §§ 601-611. In this case the District Court ruled on whether, under the specific circumstances of litigation involving the best interests of a child, an attorney's fee waiver in a premarital agreement is contrary to public policy, and the Law Court will review that ruling. If the Law Court disagrees with the decision of the District Court, it will remand the case to the District Court for appropriate revision of the divorce judgment. As a result, if the provisions of the premarital agreement are found to be controlling, Reimann will receive any relief to which he may be entitled.

The Superior Court has no role to play in this dispute. It is not entitled to review or overrule decisions of the District Court in family cases or to allow those decisions to be collaterally attacked. Specifically, the original jurisdiction of the District Court that is conferred by 4 M.R.S. § 152(11) in proceedings under Title 19-A and is expressly denominated as "not concurrent with the Superior Court" deprives this Court of subject matter jurisdiction.

The entry shall be:

The complaint in this case is dismissed for lack of subject matter jurisdiction. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May 20, 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 05/21/21
mc/

Plaintiff-Gene Libby, Esq.
Defendant-Kenneth Altshuler, Esq.

5